IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) |
| v. | ) No. 99-961 Consolidated with No. 00-415 (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) |

DEFENDANT'S REPLY TO SUPPLEMENTAL MEMORANDUM OF WHITE BUFFALO IN RESPONSE TO THE GOVERNMENT'S RENEWED JANUARY 2004 MOTION TO DISMISS

## INTRODUCTION

Pursuant to the Court's March 6, 2007 Order, defendant, the United States, respectfully submits this reply to the supplemental response that plaintiff, White Buffalo Construction, Inc. ("White Buffalo"), filed to our January 2004 motion to dismiss these consolidated cases. Because these cases have been moot since January 2004, the Court should dismiss them for lack of subject matter jurisdiction. These cases are moot because the Government has provided, voluntarily, all the relief that the Court could provide: the conversion of the termination of the contract at issue for default into one for the convenience of the Government, and the return of withheld liquidated damages, plus interest.

## STATEMENT OF FACTS

On August 20, 1998, the Federal Highway Administration ("FHA") and White Buffalo entered into Contract No. DTFH70-98-C-

00027. Case No. 99-961C (Fed. Cl.) Complaint ("1999 Compl.") ¶ 4; Case No. 00-415C (Fed. Cl.) Complaint ("2000 Compl.") ¶ 4. On December 1, 1998, the contracting officer issued a final decision terminating that contract for default. Appendix ("App.") 1. On November 30, 1999, White Buffalo commenced Case No. 99-961C (Fed. Cl.), seeking conversion of the termination for default into one for convenience. 1999 Compl. ¶¶ 73, 76.

On December 21, 1999, White Buffalo requested a contracting officer's final decision upon the issue whether the Government should withhold liquidated damages. App. 5. On April 20, 2000, a contracting officer issued a final decision determining the amount of liquidated damages to be withheld. App. 7. On July 14, 2000, White Buffalo commenced Case No. 00-415C (Fed. Cl.), seeking the return of liquidated damages withheld pursuant to the contract, plus interest. 2000 Compl. at 4.

On January 6, 2004, the Department of Justice authorized the conversion of the termination for default into one for the convenience of the Government, and the payment to White Buffalo of the withheld liquidated damages, plus interest.[1] App. 9. That authorization was conveyed to the FHA on January 15, 2004. App. 10. On the same day, an FHA contracting officer issued a final decision converting the termination for default into one

[1] Although the Department's authorization of that action refers to a December 2, 1999 termination and Case No. "98-861" (App. 9), those are typographical errors.

for the convenience of the Government, and releasing the $100,000 in liquidated damages withheld. App. 11. On January 29, 2004, the Government paid White Buffalo $122,766.10, consisting of the withheld liquidated damages, plus interest. See App. 13-14.

ARGUMENT

These cases are moot because the Government has provided all the relief that the Court could provide. Where issues in a case no longer present an actual case or controversy, the issues are moot, and a court lacks jurisdiction to entertain those issues. See Morton Int'l, Inc. v. Cardinal Chem. Co., 967 F.2d 1571, 1574 (Fed. Cir. 1992). A case is moot "when the issues presented are no longer 'live.'" Powell v. McCormack, 395 U.S. 486, 496 (1969). An indication that a case is moot is that a court cannot grant any relief. See CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 560 (Fed. Cl. 2000) (discussing City of Erie v. Pap's A.M., 529 U.S. 277 (2000)).

Because the Government has converted the termination of the contract into one for the convenience of the Government and returned the withheld liquidated damages to White Buffalo (App. 7), plus interest, those issues are moot, and the Court does not possess jurisdiction to entertain them. (White Buffalo challenges the validity of the conversion of the contract termination, but that conversion was done with the authority of the Department of Justice (App. 9-11); therefore, the conversion

was valid. Cf. PBI Elec. Corp. v. United States, 17 Cl. Ct. 128, 138 (1989) (holding that any post-suit payment on contract work performed prior to suit should have been authorized by the Attorney General). Notably, White Buffalo does not challenge the return of the withheld liquidated damages, which the Department of Justice also authorized. App. 9-11.)

Nor can the Court grant White Buffalo any other relief. White Buffalo alludes to other issues concerning breach (including breach for conversion of the contract termination), lost profits, and equitable adjustments that, it argues, are part of these consolidated cases. However, White Buffalo does not demonstrate that the Court possesses jurisdiction to entertain those claims. These cases are brought pursuant to the Contract Disputes Act ("CDA"), 41 U.S.C. § 601, et seq. 1999 Compl. ¶ 3; 2000 Compl. ¶ 3. An action brought pursuant to the CDA must be based upon the same claim previously presented to and denied by the contracting officer. Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). A contractor may not present new claims to the trial court that were not presented to the contracting officer. See Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987).

White Buffalo fails to demonstrate that it has presented any breach, lost profits, or equitable adjustment claims to the contracting officer. Indeed, the only request for a contracting

officer's final decision that its complaints refer to - a December 21, 1999 request (2000 Compl. ¶ 16) - requests only the return of withheld liquidated damages. App. 5-6. (White Buffalo also alludes to a claim for "time extensions," but White Buffalo presented that issue in support of its request for the return of liquidated damages (id.); not as a separate claim.) Similarly, in Case No. 00-415C (Fed. Cl.), the case in which White Buffalo refers to that 1999 request (2000 Compl. ¶ 16), White Buffalo requests the return of the liquidated damages plus interest, not breach damages, lost profits, or equitable adjustments to the contract. Id. at 4. Moreover, the conversion of the contact termination occurred years after the filing of the complaints in these cases (App. 11), and White Buffalo has not filed any motion to amend its complaints to include any claims related to the conversion of the contract termination. (The Court should reject White Buffalo's suggestion in the conclusion of its supplemental memorandum that its complaint be amended: any such request should be brought pursuant to a motion for leave to amend pursuant to Rules 7(a) and 15(a) of the Rules of the United States Court of Federal Claims; not in the last sentence of a supplement to a three-year-old response to a motion to dismiss.)

In addition, White Buffalo's arguments regarding the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, are premature: there is, as yet, no final judgment in this case. See Sweet

v. United States, 63 Fed. Cl. 591, 602 (Fed. Cl. 2005). Consequently, the Court does not possess jurisdiction to entertain White Buffalo's EAJA arguments. See Youngdale & Sons Constr. Co., Inc. v. United States, 31 Fed. Cl. 167, 168 (Fed. Cl. 1994). White Buffalo's discussion of its contract performance is both unsupported by any evidence presented with its filing and irrelevant to whether these cases are moot; for those reasons, the Court should disregard that discussion.

## CONCLUSION

For the foregoing reasons, as well as those set forth in our motion to dismiss, there are no live issues in these consolidated cases, and the Court does not possess subject matter jurisdiction to entertain these cases. Therefore, we request that the Court grant our motion to dismiss these consolidated cases.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

April 6, 2007 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2007, a copy of the foregoing Defendant's Reply To Supplemental Memorandum Of White Buffalo In Response To The Government's Renewed January 2004 Motion To Dismiss. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail