**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., an Oregon corporation,<br><br>*Plaintiff*,<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>**No. 99-961C (Consolidated with Case Nos. 07-738C and 00-415C)**<br><br>**Senior Judge Loren A. Smith**<br><br>**Electronically Filed on March 21, 2008** |

## I. INTRODUCTION

Plaintiff White Buffalo Construction, Inc. ("White Buffalo") asserts in this action, in addition to a claim based on the government's failure to pay its termination settlement proposal, a claim for bad faith on the part of the government in part under the *Kyrgoski Const. Co., Inc. v. U.S.*, 94 F.3d 1537 (Fed. Cir. 1996), line of cases. The government contends that White Buffalo's claim fails on the merits and is untimely. White Buffalo disagrees. In argument on December 7, 2007, the Court invited the government to file a motion on the pleadings against the claim if it so chose but cautioned the government that it would allow only one dispositive motion.

So cautioned, the government answered White Buffalo's complaint and proceeded with discovery against White Buffalo, presumably intending to file a summary judgment motion. However, rather than allowing White Buffalo to conduct discovery into the bad-faith claim and conduct the same discovery related to statute of limitations the government has conducted, the government instead objected to White Buffalo's discovery requests, arguing that because it allegedly will prevail on summary judgment, it need not provide discovery. Thus, apparently, the government is not sufficiently confident in its position to litigate White Buffalo's bad-faith

claim on the merits, but it is actively trying to bring about the result it seeks by potentially denying White Buffalo the evidence that would prove White Buffalo's claim.

Of course, the government has it backwards. If it is to obtain summary judgment, the motion must be *after the full opportunity for discovery*. *See, e.g., Information Handling Services, Inc. v. Defense Automated Printing*, 338 F.3d 1024, 1035 (D.C. Cir. 2003) (government entitled to summary judgment only after providing discovery); *see also Tennessee Valley Auth. v. U.S.*, 60 Fed. Cl. 665, 675 (2004) (summary judgment appropriate after discovery to "develop full factual record"). An alleged entitlement to summary judgment is not a reason to resist discovery. White Buffalo is entitled to an order that the government cannot put the summary judgment cart before the discovery horse. The government must produce all discoverable documents requested related to White Buffalo's bad-faith claim and on the statute of limitations issue.

## II. FACTS RELATED TO THE DISCOVERY DISPUTE

On January 15, 2008, White Buffalo propounded requests for production. On February 19, 2008, the government responded, refusing to produce documents responsive to the requests at issue here. (Declaration of Scott J. Kaplan in Support of Plaintiff's Motion to Compel ("Kaplan Decl."), Ex. 1.) First, the government propounded boilerplate objections to the form of the questions. White Buffalo offered to clarify any confusion the government had about what documents were sought, but the government declined the offer. (Kaplan Decl. ¶¶ 4-5, Exs. 2-4.) The government's real objection, however, appeared to be, as discussed above, that because it thinks it will prevail on the merits, it need not provide discovery.

The request at issue and the government's response is as follows:

/ / / / /

/ / / / /

REQUEST FOR PRODUCTION NO. 3:

All documents relating to the conversion of plaintiff's termination on the Project from default to termination for convenience.

RESPONSE:

. . . . .

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not presented to the contracting officer a claim regarding the conversion of the termination for default into one for the convenience of the Government, nor were plaintiff and the Government in privity of contract when the conversion occurred. For those reasons, the Court does not possess jurisdiction to entertain any claims by plaintiff that are based upon the conversion.

REQUEST FOR PRODUCTION NO. 4:

All performance evaluations, annual reviews, and other documents related to the performance of Paul Rettinger and Sajid Aftab for the years 1998 and 1999, including but not limited to all documents referring, relating to or [commenting] on the performance of these individuals in relating to the project.

RESPONSE:

. . . . .

We also object to this request to the extent it seeks info protected by the Privacy Act.[1]

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, the performance of Paul Rettinger and Sajid Aftab for the years 1998 and 1999 could only be relevant to the breach of claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court

[1] White Buffalo offered to enter into a Stipulated Protective Order to protect any relevant privacy rights. (Kaplan Decl. ¶ 6, Ex. 2 at 3.)

does not possess jurisdiction to entertain those claims. Moreover, to the extent that plaintiff seeks such documents for the purpose of supporting its claims for conversion of the termination for default to one for convenience or for the return of liquidated damages, the Court does not possesses [*sic*] jurisdiction to entertain those claims because they are moot.

. . . . .

REQUEST FOR PRODUCTION NO. 9:

All documents related to any and all permits required and/or obtained for the Project.

RESPONSE:

. . . . .

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, documents related to permits required or obtained for the project could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, to the extent that plaintiff seeks such documents for the purpose of supporting its claims for conversion of the termination for default to one for convenience or for the return of liquidated damages, the Court does not possesses [*sic*] jurisdiction to entertain those claims because they are moot. Finally, any documents related to permits required or obtained for the project after plaintiff's termination relate to a time during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 10:

All communications between defendant and the U.S. Army Corps of Engineers, the Oregon Division of State Land and any and all permitting or regulatory agency related to the Project.

RESPONSE:

. . . . .

We also object because the request is not reasonably calculated to lead to the discovery of admissible of evidence[.] Any documents related to permits required or obtained for the project after plaintiff's termination relate to a time during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 11:

All documents related to the work of Tidewater Contractors, Inc. on the Project.

. . . . .

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Only documents related to the work of plaintiff on the project would be admissible in this action. Moreover, any documents related to the work of Tidewater Contractors, Inc., on the project relate to a time after plaintiff's termination, during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government."

REQUEST FOR PRODUCTION NO. 12:

All documents related to all Freedom of Information Act requests for records related to the Project.

RESPONSE:

. . . . .

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Freedom of Information Act requests would not be admissible in this action. Moreover, any documents related to Freedom of Information Act requests are not based upon privity of contract between plaintiff and the Government. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

> <u>REQUEST FOR PRODUCTION NO. 13</u>:
>
> To the extent not responsive to the above, all documents relating to the Project, including but not limited to all communications (including but not limited to emails), correspondence, field notes, inspection reports, logs, drawings, plans, schedules, internal memoranda and the like.
>
> <u>RESPONSE</u>:
>
> . . . . .
>
> We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, field notes, inspection reports, logs, drawings, plans, schedules could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, the request does not identify any particular time period, and, therefore, requests documents related to the time after plaintiff's termination, during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

(Ex. 1 at 6-8, 14-20.)

As shown below, none of the government's objections is a sufficient basis to resist discovery.

## III. ARGUMENT

### A. Scope of Discovery

The discovery rules are construed liberally to authorize discovery of "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Because the discovery rules favor broad discovery, so that "civil trials in

the federal court no longer need be carried on in the dark," *United States v. Proctor & Gamble Company*, 356 U.S. 677, 683, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958), "[o]nce a party has requested discovery, the burden is on the party resisting production to support its objections." *Tele-Radio Systems Ltd. v. De Forest Electronics*, 92 F.R.D. 371, 375 (D. N.J. 1981).

There is a rebuttal presumption in favor of a shifting of expenses sanction upon granting a motion to compel. RCFC 37(a)(4)(A); 7 J. W. Moore, *Moore's Federal Practice*, § 37.23[2] at 37-43 (3d ed 2001). As shown below, the government fails to show the "substantial justification" necessary to overcome this presumption. *Id.*

Following is White Buffalo's explanation of the discoverability of the requests at issue.

**B. Request No. 3: Documents Related to the Government's Bad-Faith Conversion for Convenience**

Under the *Kyrgoski* standard, White Buffalo is entitled to lost profits if it can show the government's conversion for convenience was in bad faith. *Kyrgoski*, 94 F.3d at 1541. Therefore, White Buffalo sought documents relating to the conversion to a convenience termination. In response, the government argued that it need not provide the discovery for two reasons: (1) White Buffalo allegedly did not present a certified claim to the contracting officer and (2) that after termination—despite backcharging White Buffalo for the completion work—the government allegedly has no privity with White Buffalo. (Kaplan Decl., Ex. 1 at 6.) The government did not explain its equation of privity with discoverability.

On the government's first point, White Buffalo, in its response to the government's Request for Admissions, specified exactly where in the certified claim it had alleged the conversion was in bad faith. (Kaplan Decl, Ex. 5 at 2-3.) White Buffalo pointed this out to the government, but it did not budge. (*Id.* ¶ 7.) On the second point, the government refused to explain its theory that, despite backcharging White Buffalo and its surety for the completion

contract and its contracting officer's having purportedly exercised the authority to convert a default termination to convenience, there was no "privity of contract." If there was no contract at the time the government undertook these actions, on what authority did its contracting officer take these steps? The government's theory is incorrect. The documents must be produced.

**C. Request No. 4: Rettinger and Aftab Performance Evaluations**

The government acknowledged, in its contracting officer's decision, that White Buffalo had raised many questions about the motivations and actions of its resident engineer, Paul Rettinger, and whether he had asserted improper pressure on the project engineer, Sajid Aftab, out of his animus for White Buffalo. (Kaplan Decl., Ex. 6.) As Mr. Aftab expressed it:

> I told Paul [Rettinger] my frustrations on this job. I am Project Engineer on this job, I am not making any decisions. I am not informed in which I expected has to come or go. I am only signing letters & feel that I am out of loop. I don't know why I am Project Engineer.
>
> Howe Crockett called (COE). I express my great displeasure regarding this job. I told him also that I am not being performing my duties as a P.E.

(*Id.* at 3.)

Indeed, the government acknowledges that Mr. Aftab has testified, "I don't know why Paul is so strict on the is [*sic*] job, while he is not so strict on other jobs." (*Id.* at 4.) The contracting officer's decision also, for example, reflects what a witness described as Rettinger's "particularly malicious efforts to damage" another contractor. (*Id.* at 5.) Based on this evidence and other facts admitted by the government, Mr. Rettinger's and Mr. Aftab's job performance on this project is directly at issue, as is Mr. Rettinger's malice against plaintiff. Given that numerous individuals testified about misconduct on the part of Mr. Rettinger, it is reasonable to believe that evidence on this point would be contained in his personnel file. Similarly, his

improper pressure on Mr. Aftab would be reflected in Mr. Aftab's file. The discovery is plainly "reasonably calculated to lead to the discovery of admissible evidence." RCFC 26(b)(1).

However, the government objected that the claim was not made on a timely basis. That is, the government argued that it need not provide discovery because it contends White Buffalo's claims are time-barred. As noted above, though, the government did not move to dismiss under CRE 12(b) but proceeded to defend—and to conduct discovery of White Buffalo, including on statute of limitations issues on the merits, discovery White Buffalo answered fully. (Kaplan Decl., Ex. 5.) The government, however, apparently contends that statute of limitations discovery only goes one way. The government plainly is wrong. White Buffalo is entitled to conduct discovery both on the issues on the merits and on statute of limitations issues. *See, e.g., U.S. v. Kensington Hosp.*, 760 F. Supp. 1120, 1129 (E.D. Pa. 1991); *Rosee v. Bd. of Trade*, 36 F.R.D. 684, 688-89 (N.D. Ill. 1965) (even if statute of limitations defense raised, discovery proceeds on statute of limitations and on the merits if issues inextricable).

**D. Request Nos. 9 and 10: Relating to Permitting Issues**

Again the government objects on the basis of timeliness of the claims and "privity." For the reasons stated above, the government's objections are meritless.

**E. Request No. 11: Relating to the Completion Contractor**

Incredibly, the government objected to discovery about the work of the completion contractor, work it backcharged to White Buffalo and its surety, on the basis of "privity." The government's position is meritless.

**F. Request No. 12: Relating to White Buffalo's Freedom of Information Act Request**

The government, as it continues to this day, resisted at the time it had terminated for default providing documents to White Buffalo relating to the design changes. Finally, White Buffalo had to resort to seeking the documents under FOIA. After numerous delays, some

documents were finally produced. The government's communications between project personnel and the FOIA officer are reasonably calculated to lead to discovery of the government's efforts to conceal documents relating to design changes. RCFC 26(b)(1). The government's "privity" objection to this request is nonsensical.

**G. Request No. 13: Relating to Project Documents**

Just to make sure the government was not withholding documents based on overly technical readings of White Buffalo's requests, White Buffalo asked for a complete set of the project documents. In response, the government asserted its privity of contract objection, although White Buffalo asked for documents regarding the same project on which it had the contract at issue in this case. Stated baldly, the government's position simply makes no sense.

**H. The Government Had No Substantial Justification for Its Position, Entitling White Buffalo to Its Fees and Costs**

Under RCFC 37(a)(4)(A), White Buffalo is entitled to recover its fees and costs if the government's position was without substantial justification. The lack of justification for the government's positions is apparent. If a party is entitled to resist discovery on the grounds that it thinks it will win the case, discovery would come to a halt. Similarly, the government's position that it is entitled to conduct discovery related to statute of limitations but White Buffalo cannot has no conceivably proper rationale. White Buffalo is entitled to recover its fees and costs in connection with this motion in an amount according to proof.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

## IV. CONCLUSION

White Buffalo's motion should be granted, and it should be awarded its fees and costs in connection with the motion.

DATED: March 21, 2008.

STOEL RIVES LLP

/s/ Scott J. Kaplan

Richard E. Alexander, OSB No. 69002
Scott J. Kaplan, OSB No. 913550
Attorneys of Record for
White Buffalo Construction, Inc.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 294-9167