IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | |
| v. | No. 99-961 Consolidated with Nos. 00-415 and 07-738C (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, serves its responses and objections to Plaintiff's First Request For Production Of Documents.

1. We object to the definitions and instructions accompanying Plaintiff's First Request For Production Of Documents to the extent they may purport to impose obligations beyond those imposed by the RCFC.

2. We object generally to plaintiff's requests for production of documents to the extent that they seek information not relevant to plaintiff's claims against the United States.

3. We object generally to plaintiff's requests for production of documents to the extent that they seek material that is readily accessible to plaintiff in the public record, and to the extent that they are available in plaintiff's own files or those of their counsels. Responding to requests for such

documents would be unduly burdensome and would cause the Government to incur unnecessary expenses.

4. We object to plaintiff's requests for production of documents to the extent that they seek information protected by the attorney-client privilege, the attorney work-product doctrine, the deliberative process privilege, the law enforcement/investigatory files privilege, the Privacy Act, and/or Federal statute, regulation, or executive order.

5. We object to plaintiff's requests for production of documents to the extent that they seek information provided to the Government with an expectation of confidentiality, including, but not limited to, proprietary or commercial information.

6. We respond subject to the objections set forth above, without waiving, and expressly preserving, all such objections. We also respond subject to, without intending to waive, and expressly preserving: (a) any objection as to relevancy, privilege, and admissibility of any information provided in these responses; and (b) the right to object to other discovery procedures involving or relating to the subject matter of these requests for documents.

REQUEST FOR PRODUCTION NO. 1:

All documents relating to the [contracting officer's] August 30, 2007 decision (the "Decision") on plaintiff's Settlement Proposal, including but not limited to all documents reviewed or relied upon by the [contracting officer] in reaching the Decision, all drafts thereof, all communications relating to the Decision and all documents identifying every person involved or consulted with regard to the Decision.

RESPONSE:

We object to this request because, due to its use of the phrase "[a]ll documents relating to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999). We also object because the phrase "all documents identifying every person involved or consulted with regard to the Decision" is vague; it appears to request documents that list such persons. Finally, we object to this request to the extent that it seeks documents protected by the attorney-client communication privilege or the attorney work-product doctrine.

Without waiving those objections, we will produce, for inspection and copying at plaintiff's expense, non-privileged documents potentially responsive to this request at the Western

Federal Lands Highway Division office, 610 East Fifth St., Vancouver, Washington 98661. Plaintiff may contact Rayann Speakman at (360) 619-7529 to make arrangements. Defendant will provide a privilege log of any withheld documents.

REQUEST FOR PRODUCTION NO. 2:

All written or recorded statements of any person you know or believe has knowledge of any of the issues in this case.

RESPONSE:

We object to this request because, in requesting "[a]ll written or recorded statements of any person you know or believe has knowledge of any of the issues in this case," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

REQUEST FOR PRODUCTION NO. 3:

All documents relating to the conversion of plaintiff's termination on the Project from default to termination for convenience.

RESPONSE:

We object to this request because, in requesting "[a]ll documents relating to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not presented to the contracting officer a claim regarding the conversion of the termination for default into one for the convenience of the Government, nor were plaintiff and the Government in privity of contract when that conversion occurred. For those reasons, the Court does not possess jurisdiction to entertain any claims by plaintiff that are based upon the conversion.

REQUEST FOR PRODUCTION NO. 4:

All performance evaluations, annual reviews, and other documents related to the performance of Paul Rettinger and Sajid Aftab for the years 1998 and 1999, including but not limited to all documents referring, relating to or commencing [sic] on the performance of these individuals in relation to the project.

RESPONSE:

We object to this request because, in requesting other documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face.

We also object to this request to the extent it seeks information protected by the Privacy Act.

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, the performance of Paul Rettinger and Sajid Aftab for the years 1998 and 1999 could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, to the extent that plaintiff

seeks such documents for the purpose of supporting its claims for conversion of the termination for default to one for convenience or for the return of liquidated damages, the Court does not possesses jurisdiction to entertain those claims because they are moot.

REQUEST FOR PRODUCTION NO. 5:

All documents relating to any audit of plaintiff's costs.

RESPONSE:

We object to this request because, in requesting "[a]ll documents relating to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999). Moreover, we object because plaintiff does not define "plaintiff's costs," and, therefore, the request is vague.

<u>REQUEST FOR PRODUCTION NO. 6:</u>

All documents related to the hours spent by defendant's attorneys related to the Project and this litigation.

<u>RESPONSE:</u>

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. <u>See</u> RCFC 34; <u>Cotracom Commodity Trading Co. v. Seaboard Corp.</u>, 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence; only documents evidencing time spent by plaintiff's attorneys related to plaintiff's termination for convenience settlement proposal would be admissible in this action.

We also object because any documents potentially responsive to this request might reveal attorney-client privileged communications or attorney work product.

REQUEST FOR PRODUCTION NO. 7:

All documents related to defendant's cost on the Project, including but not limited to travel and vehicle expenses.

RESPONSE:

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Only documents related to plaintiff's cost on the project would be admissible in this action.

REQUEST FOR PRODUCTION NO. 8:

All documents related to the Project's design, both before and after the plaintiff's termination.

RESPONSE:

We object to this request because, in requesting "[a]ll documents," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, documents related to the project's design could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, to the extent that plaintiff seeks such documents for the purpose of supporting its claims for conversion of the termination for default to one for convenience or for the return of liquidated damages, the Court does not possesses jurisdiction to entertain those claims

because they are moot. Finally, any documents related to the project's design and after the plaintiff's termination relate to a time during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 9:

All documents related to any and all permits required and/or obtained for the Project.

RESPONSE:

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, documents related to permits required or obtained for the project could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, to the extent that plaintiff seeks such documents for the purpose of supporting its claims for conversion of the termination for default to one for convenience or for the return of liquidated damages, the Court does not possesses

jurisdiction to entertain those claims because they are moot. Finally, any documents related to permits required or obtained for the project after plaintiff's termination relate to a time during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 10:

All communications between defendant and the U.S. Army Corps of Engineers, the Oregon Division of State Land and any and all permitting or regulatory agency related to the Project.

RESPONSE:

We object to this request because, in requesting "[a]ll communications . . . related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence Any documents related to permits required or obtained for the project after plaintiff's termination relate to a time during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 11:

All documents related to the work of Tidewater Contractors, Inc. on the Project.

RESPONSE:

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Only documents related to the work of plaintiff on the project would be admissible in this action. Moreover, any documents related to the work of Tidewater Contractors, Inc., on the project relate to a time after plaintiff's termination, during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO 12:

All documents related to all Freedom of Information Act requests for records related to the Project.

RESPONSE:

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. Freedom of Information Act requests would not be admissible in this action. Moreover, any documents related to Freedom of Information Act requests are not based upon privity of contract between plaintiff and the Government. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

REQUEST FOR PRODUCTION NO. 13:

To the extent not responsive to the above, all documents relating to the Project, including but not limited to all communications (including but not limited to emails), correspondence, field notes, inspection reports, logs, drawings, plans, schedules, internal memoranda and the like.

RESPONSE:

We object to this request because, in requesting "[a]ll documents relating to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence. For example, field notes, inspection reports, logs, drawings, plans, schedules could only be relevant to the breach claims that plaintiff sets forth in its Second Claim For Relief in the complaint in Case No. 07-738C (Fed. Cl.). Those claims accrued more than six years before plaintiff submitted those claims to the contracting officer. Those claims are, therefore, barred by the statute of limitations set forth at 41 U.S.C. § 605(a), and the Court does not possess jurisdiction to entertain those claims. Moreover, the request does not identify any particular

time period, and, therefore, requests documents related to the time after plaintiff's termination, during which plaintiff and the Government were not in privity of contract. The Court does not possess jurisdiction to entertain any claims by plaintiff that are not based upon privity of contract between plaintiff and the Government.

We also object because any documents potentially responsive to the request for "correspondence" and "internal memoranda and the like" might reveal attorney-client privileged communications or attorney work product.

REQUEST FOR PRODUCTION NO. 14:

Your document retention/destruction policies from January 1, 1999 to the present.

RESPONSE:

We object to this request because it does not identify documents with reasonable particularity and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999). We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence; there has been no claim or allegation in this action that the Government has not retained documents relevant to this action.

REQUEST FOR PRODUCTION NO. 15:

All documents related to your efforts, if any, to preserve or destroy documents discoverable in this action, including documents in electronic form.

RESPONSE:

We object to this request because, in requesting "[a]ll documents related to," the request does not identify documents with reasonable particularity, and is, therefore, overly broad, vague, and unduly burdensome on its face. See RCFC 34; Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999).

We also object because the request is not reasonably calculated to lead to the discovery of admissible evidence; there has been no claim or allegation in this action that the Government has not preserved documents relevant to this action.

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0342
Fax: (202) 514-7965

February 19, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 19, 2008, I caused to be placed in the United States mail (first-class postage prepaid) a copy of the foregoing "Defendant's Response to Plaintiff's First Request for Production of Documents to Defendant," addressed as follows:

RICHARD E. ALEXANDER
STOEL RIVES LLP
900 SW FIFTH AVENUE, SUITE 2600
PORTLAND, OR 97204-1268

Ena M. Goddard