IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., | |
| Plaintiff, | No. 99-961-C<br>(Consolidated with Nos. 00-415C and 07-738C)<br>(Senior Judge Smith) |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUESTS FOR ADMISSION

Pursuant to RCFC 36, plaintiff White Buffalo Construction, Inc. ("White Buffalo" or "plaintiff") responds as follows to Defendant's Requests for Admission (the "Request").

### GENERAL OBJECTIONS

White Buffalo makes the following General Objections, whether or not such objections are separately set forth in response to each request.

1. In responding to the Request, White Buffalo does not waive and expressly reserves (a) any objections as to competency, relevancy, materiality, privilege or admissibility with respect to the Request; (b) the right to object to other discovery procedures involving or related to the subject matter of the Request; and (c) the right at any time to revise, correct, add to or clarify any of the information provided.

2. White Buffalo specifically objects to the Request to the extent it seeks work product, trial preparation materials or material protected by the attorney-client privilege. White Buffalo does not intend to produce any documents that contain such materials and does not waive any objections to the discoverability or admissibility of any such information that is inadvertently produced.



EXHIBIT 5
Page 1 of 5

3. White Buffalo objects to each request to the extent it calls for production of information not in the direct possession, custody or control of White Buffalo and, in particular, to the extent the information is equally available to defendant.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

> Admit that the termination for default referenced in ¶ 73 of the complaint in Case No. 99-961C (Fed. Cl.) has been converted to a termination for convenience.

**RESPONSE:** Plaintiff cannot admit or deny the request as written because it calls for a legal conclusion. Plaintiff admits that defendant purported to convert the termination to a termination for convenience. Plaintiff does not know whether defendant had authority to do so. Plaintiff's research and investigation is continuing.

**REQUEST FOR ADMISSION NO. 2:**

> Admit that plaintiff has received from the Government the "liquidated damages plus interest thereon from the date of assessment until paid" referenced in the "Prayer" on page 4 of the complaint in Case No. 00-451C (Fed. Cl.).

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 3:**

> Admit that plaintiff has not presented to a contracting officer a claim that the conversion referenced in ¶ 57 of the complaint in Case No. 07-738C (Fed. Cl.) was in bad faith.

**RESPONSE:** Denied. Appendix A to plaintiff's October 16, 2006 Settlement Proposal, a March 19, 2004 letter from plaintiff to William Parsons, Terminating Contracting Officer, references (at page 2) the "bad faith termination." Appendix D to the October 16, 2006 Settlement Proposal (at pages 1-2) made clear that plaintiff was challenging "the presumption of good faith government action" in connection with the conversion. Moreover, the substance of



EXHIBIT 5
Page 2 of 5

the allegations in section 57, in particular the second sentence of section 57, were repeatedly presented to the contracting officer.

REQUEST FOR ADMISSION NO. 4:

> Admit that the breaches alleged in ¶¶ 50 and 51 of the complaint in Case No. 07-738C (Fed. Cl.) occurred more than six years before plaintiff presented to the contracting officer its Settlement Proposal regarding the termination for convenience of Contract No. DTFH70-98-C-0027.

RESPONSE: Plaintiff admits that certain of the facts referenced occurred more than six years before plaintiff's January 13, 2005 settlement proposal. However, the TWC billing and payment by plaintiff's surety did not occur until 2000. Moreover, plaintiff did not discover the other relevant facts, nor could plaintiff reasonably have done so, until it received documents or obtained other information within the six years of January 13, 2005, including but not limited to by receiving documents under FOIA in 2000 previously withheld by defendant and obtaining the survey by Landmark in November 2002. Until such time, plaintiff reasonably relied on defendant's repeated representations that there were no design changes and that the replacement contractor had actually performed the work for which it had been paid (which work was charged to plaintiff). *See Irwin v. U.S.*, 498 U.S. 89, 95 (1990); *Hayes v. U. S.*, 73 Fed. Cl. 724, 727 (2006); *Japanese War Notes Claimants Ass'n of Philippines, Inc. v. U. S.*, 178 Ct. Cl. 630, 373 F.2d 356, 358-59 (1967) (discovery rule and/or equitable tolling applies to claim against the United States). Additionally, defendant's bad-faith conduct continued until its purported conversion to termination for convenience in 2004. *See Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449, 1456 (Fed. Cir.1997) (continuing claim doctrine). Plaintiff's investigation is continuing and will require, without limitation, a review of defendant's files for communications earlier than January 13, 2005.



EXHIBIT 5
Page 3 of 5

**REQUEST FOR ADMISSION NO. 5:**

Admit that the breach claims alleged in ¶¶ 50 and 51 of the complaint in Case No. 07-738C (Fed. Cl.) accrued more than six years before their presentment to a contracting officer.

**RESPONSE:** *See* Response to Request No. 4, incorporated by reference herein.

DATED: February 19, 2008.

STOEL RIVES LLP

Richard E. Alexander, OSB No. 69002
Scott J. Kaplan, OSB No. 913550
Attorneys of Record for
White Buffalo Construction, Inc.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 294-9167



EXHIBIT 5
Page 4 of 5

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **Plaintiff's Response to Defendant's Requests for Admission** on the following named person(s) on the date indicated below by

- ☒ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☒ Email
- ☐ notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Timothy P. McIlmail
U.S. Department of Justice
Civil Division – Commercial Litigation Branch
1100 L Street. NW, 8th Floor
Washington, D.C. 20530
Facsimile: (202) 514-7965
Email: timothy.mcilmail@usdoj.gov

*Attorney for Defendant*

DATED: February 19, 2008.

STOEL RIVES LLP

Richard E. Alexander
Scott J. Kaplan
Attorneys of Record for Plaintiff

900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

**EXHIBIT** 5
**Page** 5 **of** 5