IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS
CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965
Attorneys for Defendant

March 27, 2008

# TABLE OF CONTENTS

PAGE

DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS. . . . . . . . . . . . . . . . . . . . 1

QUESTIONS PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I. The Court Should Dismiss Case Nos. 99-961C And 00-415C For Lack Of Subject Matter Jurisdiction Because The Government Has Provided All Of The Relief To White Buffalo That The Court Could Have Provided In Those Cases. . . . . . . . . . . . . . . . . . . . . . . . 5

II. The Court Should Dismiss The Second Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Presented That Claim To The Contracting Officer More Than Six Years After It Accrued. . . . . . . . . . . . . . 7

III. The Court Should Dismiss The Third Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Has Not Presented That Claim To The Contracting Officer And Because Any Challenge To The Conversion Of The Termination Of Its Contract Is Untimely. . . . . . . . . . . . . . . . . . . 9

IV. The Court Should Enter Judgment In Favor Of The United States Upon The Second And Third Claims For Relief In Case No. 07-738C Because Those "Bad Faith" Claims Fail To Allege Facts Constituting A Specific Intent To Injure White Buffalo. . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## CASES

American Pacific Roofing Co. v. United States,
21 Cl. Ct. 265, 267 (1990).. . . . . . . . . . . . . . . . . . . 9

Asco-Falcon II Shipping Co. v. United States,
32 Fed. Cl. 595 (1994). . . . . . . . . . . . . . . . . . . . . 13

Bannum, Inc. v. United States,
80 Fed. Cl. 239 (2008). . . . . . . . . . . . . . . . . . . . . 12

Bath Iron Works Corp. v. United States,
20 F.3d 1567 (Fed. Cir. 1994). . . . . . . . . . . . . . . . . . 7

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007). . . . . . . . . . . . . . . . . . . . . 12

CW Government Travel, Inc. v. United States,
46 Fed. Cl. 554 (Fed. Cl. 2000).. . . . . . . . . . . . . . . . 5

Catawba Indian Tribe of South Carolina v. United States,
982 F.2d 1564 (Fed. Cir. 1993). . . . . . . . . . . . . . . . . 8

Catellus Development Corp. v. United States,
31 Fed. Cl. 399 (1994). . . . . . . . . . . . . . . . . . . . . 7-8

Chapman Law Firm Co. v. Greenleaf Constr. Co.,
490 F.3d 934 (Fed. Cir. 2007).. . . . . . . . . . . . . . . . 15

City of Erie v. Pap's A.M.,
529 U.S. 277 In Cases Nos. 99-961C (Fed. Cl... . . . . . . . . 5

Davis v. Department of Homeland Security,
239 Fed. Appx. 586 (Fed. Cir. 2007). . . . . . . . . . . 12, 13

Galen Medical Associates, Inc. v. United States,
369 F.3d 1324 (Fed. Cir. 2004). . . . . . . . . . . . . . . . 12

Godwin v. United States,
338 F.3d 1374 (Fed. Cir. 2003).. . . . . . . . . . . . . . . . 12

Gonzales v. Def. Logistics Agency,
772 F.2d 887 (Fed. Cir.1985). . . . . . . . . . . . . . . . . 12

International Air Response v. United States,
302 F.3d 1363 (Fed. Cir. 2002). . . . . . . . . . . . . . . . 10

Laidlaw Environmental Service (GS), Inc. v. United States,
43 Fed. Cl. 44 (1999). . . . . . . . . . . . . . . . . . . . 7

M.A. DeAtley Construction, Inc. v. United States,
71 Fed. Cl. 370 (2006). . . . . . . . . . . . . . . . . 14-15

Peterson v. United States,
68 Fed. Cl. 773 (2005). . . . . . . . . . . . . . . . . 12

Powell v. McCormack,
395 U.S. 486 (1969). . . . . . . . . . . . . . . . . . . 5

Rothe Development Corp. v.. Department of Defense,
413 F.3d 1327 (Fed. Dir. 2005) . . . . . . . . . . . . . . . 6

Santa Fe Engineers, Inc. v. United States,
818 F.2d 856 (Fed. Cir. 1987). . . . . . . . . . . . . . 10

Scott Timber Co. v. United States,
333 F.3d 1358 (Fed. Cir. 2003). . . . . . . . . . . . . 10

Seaboard Lumber Co. v. United States,
903 F.2d 1560 (Fed. Cir. 1990) . . . . . . . . . . . . . . 7

Soriano v. United States,
352 U.S. 270 (1957). . . . . . . . . . . . . . . . . . . 7

Southern California Federal Savings & Loan Association v. United States,
51 Fed. Cl. 676 (Fed. Cl. 2002). . . . . . . . . . . . . . 1

STATUTES

28 U.S.C. § 2412. . . . . . . . . . . . . . . . . . . . . . 14

41 U.S.C. 605(a). . . . . . . . . . . . . . . . . . . . . . 8

41 U.S.C. § 609.. . . . . . . . . . . . . . . . . . . . . 7

41 U.S.C. § 609(a)(3).. . . . . . . . . . . . . . . . . . . 10

RULES

RCFC 12(b)(1).. . . . . . . . . . . . . . . . . . . . . . 1

RCFC 12(h)(2).. . . . . . . . . . . . . . . . . . . . . . 1

RCFC 54(b). . . . . . . . . . . . . . . . . . . . . . . . 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-961C |
| | ) | (Consolidated with |
| | ) | Nos. 00-415C and 07-738C) |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS
CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss, for lack of subject matter jurisdiction, Case No. 99-961C (Fed. Cl.), Case No.00-415C (Fed. Cl.), and the Second and Third Claims For Relief set forth in Case No. 07-738C (Fed. Cl.).[1] With respect to the Second and Third Claims For Relief in the Complaint in Case No. 07-738C (Fed. Cl.), the United States requests, in the alternative, that the Court enter judgment upon the pleadings in favor of the United States pursuant to RCFC 12(h)(2) and 54(b), for failure to state claims upon which relief may be granted.

[1] Although the Court has consolidated Case Nos. 99-961C, 00-415C, and 07-738C, those cases remain separate causes of action: consolidation is simply a procedural device; it does not merge two or more cases into a single claim. Southern Cal. Fed. Sav. & Loan Ass'n v. United States, 51 Fed. Cl. 676, 678 (Fed. Cl. 2002).

## QUESTIONS PRESENTED

1. Whether the Court should dismiss Case Nos. 99-961C and 00-415C for lack of subject matter jurisdiction, where the Government has already provided the only relief that the Court could have provided in those cases.

2. Whether the Court should dismiss the Second Claim For Relief set forth in Case No. 07-738C for lack of subject matter jurisdiction, where White Buffalo Construction, Inc. ("White Buffalo") presented that claim to the contracting officer more than six years after it accrued.

3. Whether the Court should dismiss the Third Claim For Relief set forth in Case No. 07-738C for lack of subject matter jurisdiction, where White Buffalo has not presented that claim to the contracting officer, and where White Buffalo did not challenge the contract termination conversion that is the subject of that claim until more than a year after receiving the contracting officer's decision converting the termination.

4. Whether the Court should enter judgment in favor of the United States upon the Second and Third Claims For Relief in Case No. 07-738C, where those "bad faith" claims fail to allege facts constituting a specific intent to injure White Buffalo.

## STATEMENT OF THE CASE

This is a Contracts Disputes Act ("CDA") case in which the Government terminated a road construction contract for default,

and withheld liquidated damages, but then converted the termination to a termination for convenience and decided not to withhold any liquidated damages. See Appendix ("App.") 10. On December 1, 1998, a Federal Highway Administration ("FHWA") contracting officer terminated for default the Government's contract with White Buffalo. Case No. 07-738C (Fed. Cl.) Complaint ("2007 Compl.") ¶ 17. In November 1999, White Buffalo commenced Case No. 99-961C (Fed. Cl.), seeking conversion of the termination for default into one for convenience and that it be paid "amounts due." Case No. 99-961C (Fed. Cl.) Complaint ("1999 Compl.") ¶¶ 73-74, 76.

In April 2000, the contracting officer issued a final decision determining the amount of liquidated damages to be withheld from White Buffalo's payment. Case No. 00-415C (Fed. Cl.) Complaint ("2000 Compl.") ¶ 17. On July 14, 2000, White Buffalo commenced Case No. 00-415C (Fed. Cl.), seeking the return of liquidated damages withheld pursuant to the contract, plus interest. Id. at 4.

In January 2004, the Government converted the termination for default into one for the convenience of the Government and withdrew its claim for liquidated damages. 2007 Compl. ¶¶ 37, 57. In fact, on January 6, 2004, the Department of Justice authorized both the conversion of the termination for default into one for the convenience of the Government and the payment to

White Buffalo of the withheld liquidated damages, plus interest.[2] App. 9.

The Department of Justice conveyed that authorization to the FHWA on January 15, 2004. App. 10. On the same day, a contracting officer converted the termination for default into one for the convenience of the Government, and released the $100,000 in liquidated damages that the Government had withheld. App. 11. On January 17, 2004, White Buffalo received the contracting officer's decision converting the termination. App. 60. On January 29, 2004, the Government paid White Buffalo $122,766.10, consisting of the withheld liquidated damages, plus interest. See App. 13-14.

The contracting officer also invited White Buffalo to submit a termination for convenience settlement proposal. 2007 Compl. ¶ 37; App. 11. On January 13, 2005, as part of that proposal, White Buffalo submitted a claim to the contracting officer for "lost profits." 2007 Compl. ¶ 38, App. 15-16. On October 16, 2006, White Buffalo revised its proposal, presenting "bad faith" breach of contract claims for lost profits. 2007 Compl. ¶ 39, App. 38-39.[3]

---

[2] Although the Department's authorization of that action refers to a December 2, 1999 termination and Case No. "98-861" (App. 9), those are typographical errors.

[3] Although White Buffalo's letter to the contracting officer is dated October 16, 2004, that is a typographical error; the same letter references White Buffalo's January 13, 2005 proposal as well as a May 12, 2006 audit report. App. 40. The cover page of the proposal bears the date October 16, 2006. App. 38.

On August 30, 2007, a contracting officer issued a final decision granting in part and denying in part White Buffalo's settlement proposal, and determining the amount owed to White Buffalo as a result of the termination for convenience of the Government. 2007 Compl. ¶ 42; App. 61.

On October 22, 2007, White Buffalo commenced Case No. 07-738C (Fed. Cl.), seeking additional compensation, including alleged lost profits, and a determination that the Government acted in bad faith. 2007 Compl. at 11-12.

## ARGUMENT

### I. The Court Should Dismiss Case Nos. 99-961C And 00-415C For Lack Of Subject Matter Jurisdiction Because The Government Has Provided All Of The Relief To White Buffalo That The Court Could Have Provided In Those Cases

The Court should dismiss Case Nos. 99-961C and 00-415C for lack of subject matter jurisdiction because the Government has already provided all of the relief to White Buffalo that the Court could have provided in those cases. A case is moot "when the issues presented are no longer 'live.'" Powell v. McCormack, 395 U.S. 486, 496 (1969). A court's inability to grant any relief is an indication that a case is moot. See CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554, 560 (2000) (discussing City of Erie v. Pap's A.M., 529 U.S. 277 (2000)).

For example, the tender of the entire amount of damages claimed by a plaintiff moots the damages claim. Rothe Dev. Corp. v. Dep't of Defense, 413 F.3d 1327, 1331 (Fed. Cir. 2005) (citing City of Erie, 529 U.S. at 287). When a case is moot, a court must dismiss it. See id.

In Case No. 99-961C, White Buffalo requested that the termination of its contract for default be converted into one for convenience and that it be paid "amounts due." 1999 Compl. ¶ 73. In Case No. 00-415C, White Buffalo requested that the Government return the liquidated damages withheld pursuant to the contract, plus interest. 2000 Compl. at 4. However, White Buffalo confirms in Case No. 07-738C that the Government converted the termination from default to one for convenience of the Government (2007 Compl. ¶ 57) and withdrew its claim for liquidated damages. 2007 Compl. ¶ 37.

In fact, that conversion occurred on January 15, 2004 (App. 11), pursuant to authority granted by the Department of Justice (App. 9). And on January 29, 2004, the Government paid White Buffalo $122,766.10, consisting of the withheld liquidated damages, plus interest (see App. 13-14), also pursuant to Department of Justice authority (App. 9).

Therefore, the Government has provided White Buffalo all the relief that the Court could have provided in Case Nos. 99-961C

and 00-415C.[4] Consequently, Case Nos. 99-961C and 00-415C are moot, and the Court does not possess jurisdiction to entertain them further. Accordingly, the Court should dismiss Case Nos. 99-961C and 00-415C for lack of subject matter jurisdiction.

## II. The Court Should Dismiss The Second Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Presented That Claim To The Contracting Officer More Than Six Years After It Accrued

The Court should dismiss the Second Claim For Relief set forth in Case No. 07-738C for lack of subject matter jurisdiction because White Buffalo presented that claim to the contracting officer more than six years after it accrued. Case No. 07-738C is brought pursuant to the CDA, 41 U.S.C. § 609. 2007 Compl. ¶ 3. CDA cases are brought pursuant to a waiver of sovereign immunity. See Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1566 (Fed. Cir. 1990). Such waivers must be strictly observed. Soriano v. United States, 352 U.S. 270, 276 (1957).

A plaintiff bears the burden of proving jurisdiction when the question of jurisdiction has been raised in the context of a dispositive motion. Catellus Dev. Corp. v. United States,

[4] Although, in Case No. 99-961C, White Buffalo also requested that it be paid "all amounts due" (1999 Compl. ¶ 74), the Court could not have granted that relief. A final decision by a contracting officer is a jurisdictional prerequisite to maintaining a CDA suit in this Court. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578 (Fed. Cir. 1994). The only claim upon which the Court could grant relief in Case No. 99-961C was the claim for conversion of the default termination; that is because the only contracting officer's final decision from which White Buffalo appealed in that case was (1999 Compl. ¶ 3) the December 1, 1998 decision terminating the contract for default (App. 1). See Bath Iron Works, 20 F.3d at 1578.

31 Fed. Cl. 399, 404 (1994). Jurisdiction may not be maintained by mere averment and must be established by a plaintiff by the preponderance of the evidence. Id. at 404-05.

The CDA provides that "[e]ach claim by a contractor against the Government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 605(a). That administrative requirement is a jurisdictional prerequisite that must be satisfied before bringing suit in this Court. Laidlaw Envtl. Serv. (GS), Inc. v. United States, 43 Fed. Cl. 44, 49 (1999). A claim accrues when all events necessary to fix the liability of the defendant have occurred. See Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993).

The claims set forth in the Second Claim for Relief in Case No. 07-738C pertain to actions that occurred prior to the termination of the contract. See 2007 Compl. ¶¶ 50-51. Indeed, in the Second Claim for Relief, White Buffalo seeks lost profits for breach of contract based upon the allegation that "FHA breached its implied obligations of good faith and fair dealing and duty to cooperate in facilitating WBC's performance of the contract." Id. ¶ 50 (emphasis added). However, White Buffalo's performance of the contract ended with the termination of the contract on December 1, 1998 (see id. ¶ 17); consequently, none

of the alleged breaches that White Buffalo refers to could have occurred after December 1, 1998.

White Buffalo did not present to the contracting officer any claim for lost profits until January 13, 2005 (App. 15), and did not present any "bad faith" breach claims to the contracting officer until October 16, 2006 (App. 38-39), both more than six years after those claims could have accrued. Because White Buffalo did not present the "lost profit" and "bad faith" breach claims in its Second Claim For Relief in Case No. 07-738C to the contracting officer within six years of their accrual, the Court should dismiss the Second Claim For Relief for lack of subject matter jurisdiction.[5]

## III. The Court Should Dismiss The Third Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Has Not Presented That Claim To The Contracting Officer And Because Any Challenge To The Conversion Of The Termination Of Its Contract Is Untimely

The Court should dismiss the Third Claim For Relief set forth in Case No. 07-738C for lack of subject matter jurisdiction because White Buffalo has not presented that claim to the contracting officer and because any challenge to the conversion of the termination of its contract is untimely. An action

[5] It does not matter that the contracting officer considered and decided lost profit and breach claims (App. 62, 74); if the contractor does not submit a claim in accordance with the statutory prerequisites, the contracting officer's decision upon that claim does not establish this Court's jurisdiction. American Pacific Roofing Co. v. United States, 21 Cl. Ct. 265, 267 (1990).

brought pursuant to the CDA must be based upon the same claim previously presented to and denied by a contracting officer. Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). A contractor may not present new claims to the trial court that were not presented to a contracting officer. See Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987). The deadline for bringing an action in this Court challenging a contracting officer's decision is one year from the receipt of that decision. See Int'l Air Response v. United States, 302 F.3d 1363, 1366 (Fed. Cir. 2002) (citing 41 U.S.C. § 609(a)(3)).

In its Third Claim for Relief in Case No. 07-738C, White Buffalo seeks lost profits for what it alleges was a bad faith conversion of the termination of its contract for default into a termination for the convenience of the Government. See 2007 Compl. ¶¶ 56-57. White Buffalo, however, has never presented that claim to the contracting officer; indeed, White Buffalo has never even raised to the contracting officer in any of its claims any issue regarding the conversion of the default termination into a termination for convenience.

In addition, on January 17, 2004, White Buffalo received the contracting officer's January 15, 2004 decision converting the termination of its contract. App. 60. White Buffalo did not file its complaint raising the conversion as an issue, however,

until October 22, 2007 (2007 Compl. ¶¶ 52, 57), more than three years later. Because White Buffalo has not presented to the contracting officer the claim that the conversion of the termination was in bad faith, and because White Buffalo did not commence Case No. 07-738C challenging the termination conversion until more than a year after the contracting officer's conversion decision, the Court does not possess jurisdiction to entertain the Third Claim For Relief, and should dismiss that claim for lack of subject matter jurisdiction.[6]

## IV. The Court Should Enter Judgment In Favor Of The United States Upon The Second And Third Claims For Relief In Case No. 07-738C Because Those "Bad Faith" Claims Fail To Allege Facts Constituting A Specific Intent To Injure White Buffalo

The Court should enter judgment in favor of the United States upon the Second and Third Claims For Relief in Case No. 07-738C because those "bad faith" claims fail to allege facts constituting a specific intent to injure White Buffalo. When more than one claim for relief is presented in an action, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. RCFC 54(b). A motion for judgment on the pleadings may be made after the pleadings are

[6] Although White Buffalo's 2007 complaint does not challenge the validity of the termination conversion, any such challenge would also be untimely.

closed, but within such time as not to delay the trial.
RCFC 12(c). A defense of failure to state a claim upon which relief may be granted may be made by motion for judgment on the pleadings. Id.

The legal standard applied to evaluate a motion for judgment on the pleadings is the same as that for a motion to dismiss. Peterson v. United States, 68 Fed. Cl. 773, 776 (2005). In considering a motion to dismiss, the Court must accept as true all of plaintiffs' well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiffs' favor. Id. at 775 (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). In order to state a claim upon which relief may be granted, factual allegations in a complaint must be sufficient to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. Id. at 1364-65.

There is a presumption that Government officials act in good faith in discharging their duties. Davis v. Dep't of Homeland Sec., 239 Fed. Appx. 586, 590-91 (Fed. Cir. May 30, 2007) (unpublished table opinion); accord Galen Med. Assocs., Inc. v. United States, 369 F.3d 1324, 1330 (Fed. Cir. 2004); Gonzales v. Def. Logistics Agency, 772 F.2d 887, 892 (Fed. Cir. 1985);

Bannum, Inc. v. United States, 80 Fed. Cl. 239, 246 (2008). In order to overcome the presumption of good faith, the evidence must be "clear and convincing" that the Government acted with the specific intent to injure the plaintiff. See Galen Med. Assocs., 369 F.3d at 1330.

Consequently, for a plaintiff to successfully assert a claim for breach of the implied covenant of good faith and fair dealing respecting a contract with the Government, the plaintiff must allege and prove facts constituting a specific intent to injure the plaintiff upon the part of the Governmental official. Bannum, 80 Fed. Cl. at 246. Without such specific allegations of ill will or malice directed toward the plaintiff, a plaintiff fails to state a "bad faith" claim for upon which relief may be granted. See Asco-Falcon II Shipping Co. v. United States, 32 Fed. Cl. 595, 605 (1994).

Here, White Buffalo's Second and Third Claims For Relief in Case No. 07-738C conclude that the Government acted in bad faith, but fail to allege any specific instances of ill will or malice directed toward White Buffalo, or of any intent to injure White Buffalo. See 2007 Compl. ¶¶ 50, 57. Indeed, neither claim for relief makes any allegations regarding the Government's intent toward White Buffalo, but merely complain about how the Government administered the contract work, both before and after the contract's termination. See 2007 Compl. at 9-11.

Remarkably, and, again, without any specific allegation that the Government was motivated by ill will toward White Buffalo, White Buffalo's bad faith claims even point to the Government's conversion of the contract termination from one for default to one for convenience of the Government (2007 Compl. ¶¶ 52, 57), even though that is the very relief that White Buffalo sought in Case No. 99-961C (1999 Compl. ¶ 76).

Because the Second and Third Claims For Relief in Case No. 07-738C fail to allege facts constituting a specific intent to injure White Buffalo, they fail to state claims upon which relief may be granted. Consequently, the Court should enter judgment in favor of the Government upon the Second and Third Claims For Relief in Case No. 07-738C.

CONCLUSION

For the foregoing reasons, the Court should dismiss Case Nos. 99-961C and 00-415C, as well as the Second and Third Claims For Relief in Case No. 07-738C, for lack of subject matter jurisdiction. In the alternative, the Court should enter judgment in the Government's favor upon the Second and Third Claims For Relief in Case No. 07-738C for failure to state claims upon which relief may be granted.

Finally, the Court should treat any issue of attorney fees and expenses pursuant to the Equal Access To Judgment Act ("EAJA"), 28 U.S.C. § 2412, as premature, see M.A. DeAtley

Constr., Inc. v. United States, 71 Fed. Cl. 370, 378 (2006), and immaterial to any disposition of the claims set forth in these consolidated cases. See Chapman Law Firm Co. v. Greenleaf Constr. Co., 490 F.3d 934, 939 (Fed. Cir. 2007).

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

March 27, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008, a copy of the foregoing Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail