# APPENDIX TO DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS

# INDEX TO APPENDIX

PAGE(S)

Letter of William L. Parsons, Contracting Officer, Federal Highway Administration, to Luther L. Clevenger, President, White Buffalo Construction Inc., Dec. 1, 1998. . . . . . . . . . 1

Memorandum For The File, White Buffalo Construction Inc. v. United States, Jan. 6, 2004.. . . . . . . . . . . . . . . . . . 9

Electronic Mail message of Joseph Trautwein, Department of Justice, to Timothy J. Binder, Federal Highway Administration, Jan. 15, 2004. . . . . . . . . . . . . . . . . . . . . . . . 10

Letter of William L. Parsons, Contracting Officer, Federal Highway Administration, to Luther L. Clevenger, White Buffalo Construction Inc., Jan. 15, 2004.. . . . . . . . . . . . . . . . 11

Letter of Nancie K. Pruitt, Legal Program Assistant, Federal Highway Administration, to Tim McIlmail, Department of Justice, Mar. 26, 2004.. . . . . . . . . . . . . . . . . . . . . 13

Termination for Convenience, Form 1436 Settlement Proposal, Submitted by White Buffalo Construction to Mr. William Parsons, Terminating Contracting Officer, Jan. 13, 2005. . . . . . . . 15

Termination for Convenience and Revised Settlement Proposal, Submitted by White Buffalo Construction to Ms. Elizabeth Firestone, Terminating Contracting Officer, Oct. 16, 2006 . . 38

PS Form 3811, Jan. 17, 2004.. . . . . . . . . . . . . . . . . . . 60

Contracting Officer's Decision re: Settlement Proposal, Aug. 30, 2007. . . . . . . . . . . . . . . . . . . . . . . . 61

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WASHINGTON 98661-3893

U.S. Department
of Transportation

Federal Highway
Administration

| CONCURRENCES |
| --- |
| SIGNATURE |
| DATE 12/1/98 |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |
| SIGNATURE |
| DATE |

December 1, 1998
In Reply Refer to:
HPA-17.13
tford_wb.182

Attn: Luther L. Clevenger, President
White Buffalo Construction
PO Box 1310
Aumsville, Oregon 97325

Dear Mr. Clevenger:

Notice of Termination for Default
OR FS ERFO 97-18(2)
Siskiyou N.F., FDR 33 (MP 44.5 - MP 47.3)
FDR 3347, FDR 3347020
Contract Number DTFH70-98-C-00027

You are hereby notified that Contract Number DTFH70-98-C-00027 (hereafter referred to as "the contract") dated August 20, 1998 is terminated completely for default under the contract clause entitled 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION)(APRIL 1984).

The termination is effective immediately upon receipt of this "Notice."

In accordance with subdivision (a) of the Default clause, White Buffalo is in default due to:

(1) Failure to complete the work on FDR 33 to subgrade between MP 46.2 to 46.7 and MP 47.07 to 47.25 by November 30, 1998, as required by the contract, SCR 108.01(b),

(2) Failure to prosecute the work with the diligence that will ensure the completion of all repairs up to subgrade and placement of at least 100 mm aggregate base by January 23, 1999, as required by the contract, SCR 108.01(b),

(3) Failure to prosecute the work with the diligence that will ensure opening FDR 33 to public traffic by January 24, 1999, as required by the contract, SCR 108.01(b),

(4) Failure to comply with the following contract requirements -
(a) FAR 52.222-6, Davis-Bacon Act,


OFFICIAL FILE COPY

(b) FAR 52.222-8, Payrolls and Basic Records,

(c) FAR 52.236-5, Material and Workmanship,

(d) FAR 52.236-6, Superintendence by the Contractor,

(e) FAR 52.236-9, Protection of Existing Vegetation, Structures, Equipment, Utilities, and Improvements,

(f) FAR 52.236-15, Schedules for Construction Contracts,

(g) FAR 52.246-12, Inspection of Construction,

(h) FP-96, §107.01, Laws to be Observed, as amended by SCR §107.01,

(i) FP-96, §107.02, Protection and Restoration of Property and Landscape,

(j) FP-96, §153, Contractor Quality Control, as amended by SCR §153,

(k) FP-96, §154, Contractor Sampling and Testing, as amended by SCR §154,

(l) FP-96, §155, Schedules for Construction Contracts, as amended by SCR §155,

(m) SCR §156.06, (l) Limitations on Construction Operations,

(n) SCR §204.06, Roadway Excavation, (d) Rock Cut at FDR 33, MP 46.7,

(0) FP-96, §205, Rock Blasting, as amended by SCR §205.

Your right to proceed further under the contract is terminated. Take the following steps regarding cessation of work and notification to immediate subcontractors:

(1) Stop all work and place no farther orders relating to the contract.

(2) Keep adequate records of your compliance with the above subparagraph (1) showing -

(i) Date you received the Notice of Termination; and

(ii) Extent of completion of performance on the effective date.

(3) Furnish notice of termination to each immediate subcontractor and supplier that will be affected by this termination. In the notice -

(i) Specify your Government contract number;

(ii) State whether the contract has been terminated completely or partially;

(iii) Provide instructions to stop all work, make no further shipments, place no further

orders, and terminate all subcontracts under the contract.

The construction work terminated may be reprocurred against White Buffalo's account and White Buffalo will be held liable for any excess costs.

This notice of termination constitutes my determination and decision that the failure to perform is not excusable, however, White Buffalo has the right to appeal this decision under the Disputes clause, FAR 52.233-1 DISPUTES (OCT 1995) ALTERNATE 1 (DECEMBER 1995).

The Government reserves all rights and remedies provided by law or under the contract, in addition to charging excess costs.

This notice constitutes a decision that White Buffalo is in default as specified and that the contractor has the right to appeal under the Disputes clause.

If this termination, together with other outstanding terminations, will necessitate a significant reduction in your work force, you are urged to -

(i) Promptly inform the local State Employment Service of your reduction-in-force schedule in numbers and occupations, so that the Service can take timely action in assisting displaced workers;

(ii) Give affected employees maximum practical advance notice of the employment reduction and inform them of the facilities and services available to them through the local State Employment Service offices;

(iii) Advise affected employees to file applications with the State Employment Service to qualify for unemployment insuranceif necessary:

(iv) Inform officials of local unions having agreements with you of the impending reduction-in-force; and

(v) Inform the local Chamber of Commerce and other appropriate organizations which are prepared to offer practical assistance in finding employment for displaced workers of the impending reduction-in-force.

(vi) If practical, urge subcontractors to take similar actions to those described in subparagraphs (i) through (v) above.

Please acknowledge receipt of this notice as provided below.

William L. Parsons

William L. Parsons
Contracting Officer

Western Federal Lands Highway Division
Federal Highway Administration

ACKNOWLEDGMENT OF NOTICE

The undersigned acknowledges receipt of a signed copy of this notice of Termination for Default of Contract No. DTFH70-98-C-00027 on ______________, 19____. Two signed copies of this notice are returned.

______________________________________
(Name of contractor)

By ______________________________________
(Name)

______________________________________
(Title)

(End of notice)

cc: Insurance Company of the West (Surety)
8050 SW Warm Springs Street, #140
Tualatin, OR 97062-0369

SBA, Seattle Regional Office

H. Crockett, w/notice
P. Rettinger, w/notice
S. Aftab, w/notice
T. Breneman, (e-mail)
E. Hammontree (e-mail)
B. Chon (e-mail)
M. Hildreth (e-mail)
T. Craig (e-mail)
~~S. Craven (e-mail)~~
~~H. Peifer (e-mail)~~
C. Story (e-mail)
G. Thomas, USFS, Region 6
R. O'Leary, USFS, Siskiyou National Forest
C. Linderman, USFS, Siskiyou National Forest
C. Jacoby (e-mail)
T. Hildreth (e-mail)
J. Zotter (e-mail)
J. Trafalli's (e-mail)

App. 4

MEMORANDUM FOR THE FILE

Re: White Buffalo Construction, Inc. v. United States, Consolidated Cases Nos. 99-861 and 00-415C (Fed. Cl.), Judge Smith

I authorize the Federal Highway Administration, Western Federal Lands Division, Vancouver, Washington to convert its December 2, 1999, termination for default of its contract with White Buffalo Construction, Inc. ("White Buffalo"), Contract No. DTFH70-98-C-00027, to a termination for convenience and to make payment to White Buffalo the amount of $101,200 withheld as liquidated damages, plus interest pursuant to the CDA from April 20, 2000.

David M. Cohen
Director
Commercial Litigation Branch

Date: 1/6/04

**Binder, Timothy J.**

**From:** Joseph.Trautwein@usdoj.gov
**Sent:** Thursday, January 15, 2004 12:26 PM
**To:** Binder, Timothy J.
**Subject:** RE: White Buffalo

Tim, Mr. Cohen has approved you request for authorization to convert the T/D to a T/C and to return the LD's. As discussed, please issue the COD. Thanks

-----Original Message-----
From: Timothy.Binder@fhwa.dot.gov [mailto:Timothy.Binder@fhwa.dot.gov]
Sent: Monday, January 12, 2004 7:11 PM
To: William.Parsons@fhwa.dot.gov
Cc: Trautwein, Joseph
Subject: White Buffalo

Bill,

Attached is a draft COD for the conversion. DO NOT ISSUE IT YET. Dick Alexander is reviewing the matter and will get back to Joe tomorrow. Once Joe gets the word from Dick that he is okay with the matter, then we will proceed. Upon issuing it, please FAX a copy back to Joe so he can include it in a Motion to Dismiss. His FAX number is 202-307-0494. The holdup has to do with the six month period and the interest calculation period. You may need to change those provisions if Joe says so.

Joe, Bill's phone number is 360-619-7753.

tim

<<White Buffalo-COD converting TD into TC02 04-01-08.doc>>

U.S. Department of Transportation
Federal Highway Administration

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WA 98661-3801
(360) 619-7700 FAX: (360) 619-7846

January 15, 2004

**Certified Mail - Return Receipt Requested**

Mr. Luther Clevenger
White Buffalo Construction, Inc.
6653 Shaw Highway SE
Aumsville, OR 97325

Re: OR FS ERFO 97-18(2)
Contract No. DTFH70-98-C-00027

Dear Mr. Clevenger

This is a Final Contracting Officer's Decision converting the termination for default into a termination for the convenience of the Government and accordingly releasing the one hundred thousand dollars ($100,000.00) in withheld liquidated damages and terminating the claim for an additional twelve hundred dollars ($1,200.00) previously made.[1]

Because the default termination is to be treated as a convenience termination, the effective date of this conversion is December 3, 1998, the date the prior termination for default became effective. The termination constitutes a complete termination of the contract.

White Buffalo should submit its settlement proposal in accordance with FAR Clause 52.249-2 and FAR Subpart 49.2. White Buffalo shall submit such proposal to me within six (6) months of the date of this letter.

## DECISION

The Government hereby converts the December 1, 1998 Termination for Default into a Termination for the Convenience of the Government. The effective date of the Termination remains December 3, 1998. Liquidated damages, assessed against White Buffalo are hereby rescinded. The one hundred thousand dollars of liquidated damages ($100,000.00) withheld from White Buffalo will be paid to the contractor, together with interest from December 22,

[1] The Government withheld $100,000 in liquidated damages. The Government later adjusted the amount of liquidated damages to $101,200 based on 253 days at $400 per day. Because the Government, at the time of the adjustment, no longer had funds due the contractor, the Government requested the surety to pay the additional sum of $1,200.00. The surety declined to pay this amount. This decision releases any continuing claim for the additional $1,200.00 and releases the $100,000.00 previously withheld. White Buffalo's December 21, 1999 request to the contracting officer was for the return of the $100,000.00 and did not address the additional $1,200.00 previously requested by the Government. As such the request was not required to be accompanied by a certification and in fact was not so accompanied.



BUCKLE UP AMERICA

1999. White Buffalo shall submit a settlement proposal to me within six (6) months of the date of this letter.

This is the final decision of the Contracting Officer. This decision may be appealed to the Department of Transportation Board of Contract Appeals, 400 Seventh Street SW, Washington, D.C. 20590. If you decide to make such an appeal, you must mail or otherwise furnish written notice to the Board of Contract Appeals within 90 days from the date you receive this decision. A copy of the notice shall be furnished to the Contracting Officer from whose decision the appeal is taken. The notice shall indicate that an appeal is intended, should reference this decision, and identify the contract by number. With regard to appeals to the Department of Transportation Board of Contract Appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims $100,000 or less. In lieu of appealing to the Board of Contract Appeals, you may bring action directly in the United States Court of Federal Claims within 12 months of the date you receive this decision.

Sincerely,

William L Parsons

William L. Parsons
Contracting Officer

cc: Richard E. Alexander, Stoel Rives LLP, 900 SW Fifth Avenue, Suite 2600, Portland, OR 97204
Insurance Company of the West, 8050 SW Warm Springs Street, #140, Tualatin, OR 97062-0369
Art Hamilton, FLH Headquarters
Ronald Carmichael, WFL
Elizabeth Firestone, WFL
Robert Lale, WFL
Ricardo Suarez, WFL
Tim Binder, WFL
File



BUCKLE UP AMERICA

**U.S. Department of Transportation**
Federal Highway Administration
Western Federal Lands Highway Division
610 East Fifth Street
Vancouver, WA 98661-3801
(360) 619-7700 FAX: (360) 619-7846

March 26, 2004

Refer to: HFL-17
File: 4
#25559L_NKP

Mr. Tim Mc Ilmail
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

**SUBJECT: White Buffalo Construction, Inc. v. The United States**
**No. 99-961C**
**DTFH70-98-C-00027**
**OR FS ERFO 97-18(2)**

Dear Mr. Mc Ilmail:

Enclosed is a copy of Federal Highway Administration's invoice overview, which shows that payment was made to White Buffalo Construction. Tim Binder, Division Counsel, requested that I forward this document to you in hard copy because he did not think a faxed copy would be clear enough.

If you need anything further please let me know.

Sincerely yours,

Nancie K. Pruitt
Legal Program Assistant

Enclosure:
Invoice overview

cc: Tim Binder, Division Counsel, WFLHD

BUCKLE UP AMERICA

Invoice Overview (FEDERAL HIGHWAY ADMINISTRATION)

| | | | | | |
|---|---|---|---|---|---|
| Supplier | WHITE BUFFALO CONSTRUCT INC | | | Site | AUMSVILLE |
| Supplier Num | 930727378 | | | Taxpayer ID | 930727378 |
| Invoice Num | SETTLEMENT AGREEN | Type | Standard | Date | 22-JAN-2004 |
| Batch Name | WF04027003 | Currency | USD | Amount | 122,766.10 |
| Voucher | | | | Unpaid Amount | 0.00 |
| PO Number | 2504C7027FY980000 | Release | | Unapplied Amount | |
| Receipt Num | | | | Settlement Date | |

**Invoice Status**

| | |
|---|---|
| Paid | Yes |
| Accounted | Yes |
| Status | Validated |
| Approval | Not Required |

Description

| Active Hold | Reason |
|---|---|
| | |
| | |
| | |

**Scheduled Payments**

| Curr | Amount | Remaining | Due Date | Held |
|---|---|---|---|---|
| USD | 122,766.10 | 0.00 | 02-FEB-2004 | ☐ |
| | | | | ☐ |
| | | | | ☐ |

**Actual Payments**

| Paid By | Paid On |
|---|---|
| 338754 - Electro | 29-JAN-2004 |
| | |
| | |

Payment Overview | View Receipt | View PO | Supplier | Invoices

RECEIVED
FHWA-VANCOUVER
05 JAN 13 PM 3: 17
MAIL ROOM

ORG
SF1436

**CONTRACT # DTFH70-98-C-00027**

**TERMINATION FOR CONVENIENCE**

**FORM 1436 SETTLEMENT PROPOSAL (TOTAL COST METHOD)**

**REQUEST FOR COSTS TO COMPLETE SETTLEMENT PROPOSAL**

**REQUEST FOR PROFIT**
**AND**
**JUSTIFICATION FOR PROFIT**

***Submitted By:***

**White Buffalo Construction Inc**
**P. O. Box 1310**
**Aumsville, OR 97325**
**503.749.1861**

1-13-05

**WHITE BUFFALO CONSTRUCTION INC.**
**P.O. BOX 1310**
**6653 SHAW HWY S.E.**
**AUMSVILLE, OR 97325**
**ph# 503-749-1861**
**fax# 503-749-1684**

January 13, 2005

Mr. William Parsons
Terminating Contracting Officer
Western Federal Lands Highway Division
Federal Highway Administration, USDOT
610 East Fifth Street
Vancouver, WA 98661-3801

re: DTFH70-98-C-00027. Termination for Convenience. Settlement Proposal.

Enclosed please find the following:

1. Contractor's request for profit in the amount of $925,834.91 .(Appendix B)
2. Contractor's justification for profit. (Appendix B)
3. Contractor's Form 1436 (Total Cost Basis) including an attached Subcontractor Statement and a Form 1436 (Total Cost Basis) for Subcontractor McBride Construction Inc.
4. Contractor's request for reimbursement of costs associated with the preparation of its Settlement Proposal in the amount of $41,793.21. (Appendix A)
5. An additional copy of our submission dated November 2, 2004 volumes 1 & 2 for direct job costs in the amount of $365,788.41 which was previously delivered to you and which is included in this Settlement Proposal.
6. An additional copy of our submission dated March 19, 2004 for surety costs in the amount of $276,768.29 which was previously transmitted to you and which is included in this Settlement Proposal.

Our request for reimbursement of costs associated with the preparation of our Settlement Proposal (see #4 above) does not include costs that we will incur in negotiating this settlement. It also does not include costs which have been incurred but may not yet have been invoiced.

If you have any questions please contact me and I will be happy to assist you.

Sincerely,

Luther L. Clevenger
President

*enclosures: appendices A and B, form 1436 (WBC) including Subcontractor Statement, form 1436 (McBride), Nov 2, 2004 submission and March 19, 2004.*

# SETTLEMENT PROPOSAL (TOTAL COST BASIS)

OMB No.: 9000-0012
Expires: 05/31/98

Public reporting burden for this collection of information is estimated to average 2.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

## FOR USE BY A FIXED-PRICE PRIME CONTRACTOR OR FIXED-PRICE SUBCONTRACTOR

THIS PROPOSAL APPLIES TO *(Check one)*
- [X] A PRIME CONTRACT WITH THE GOVERNMENT
- [ ] SUBCONTRACT OR PURCHASE ORDER

SUBCONTRACT OR PURCHASE ORDER NO(S).

COMPANY: WHITE BUFFALO CONSTRUCTION INC.

STREET ADDRESS: 6653 Shaw Hwy S.E.

CITY AND STATE *(Include ZIP Code)*: Aumsville, OR. 97325

### CONTRACTOR WHO SENT NOTICE OF TERMINATION

NAME

ADDRESS *(Include ZIP Code)*

NAME OF GOVERNMENT AGENCY: FHWA/WFLD VANCOUVER, WA.

GOVERNMENT PRIME CONTRACT NO.: DTFH 70-98-C-00027

CONTRACTOR'S REFERENCE NO.

If moneys payable under the contract have been assigned, give the following:

NAME OF ASSIGNEE

EFFECTIVE DATE OF TERMINATION: 12-1-1998

ADDRESS *(Include ZIP Code)*

PROPOSAL NO.: 1

CHECK ONE
- [ ] INTERIM
- [ ] FINAL

SF 1439, SCHEDULE OF ACCOUNTING INFORMATION [X] IS [ ] IS NOT ATTACHED *(If not, explain below)*

## SECTION I - STATUS OF CONTRACT OR ORDER AT EFFECTIVE DATE OF TERMINATION

| PRODUCTS COVERED BY TERMINATED CONTRACT OR PURCHASE ORDER (a) | | FINISHED: PREVIOUSLY SHIPPED AND INVOICED (b) | FINISHED ON HAND: PAYMENT TO BE RECEIVED THROUGH INVOICING (c) | FINISHED ON HAND: PAYMENT NOT TO BE RECEIVED THROUGH INVOICING (d) | UNFINISHED OR NOT COMMENCED: SUBSEQUENTLY COMPLETED AND INVOICED* (e) | UNFINISHED OR NOT COMMENCED: NOT TO BE COMPLETED (f) | TOTAL COVERED BY CONTRACT OR ORDER |
|---|---|---|---|---|---|---|---|
| | QUANTITY | | | | | | |
| | $ | | | | | | |
| | QUANTITY | | | | | | |
| | $ | | | | | | |
| | QUANTITY | | | | | | |
| | $ | | | | | | |

## SECTION II - PROPOSED SETTLEMENT

| NO. | ITEM (a) | TOTAL PREVIOUSLY PROPOSED (b) | INCREASE OR DECREASE BY THIS PROPOSAL (c) | TOTAL PROPOSED TO DATE (d) | FOR USE OF CONTRACTING AGENCY ONLY (e) |
|---|---|---|---|---|---|
| | | (Use Columns (b) and (c) only where previous proposal has been filed) | | | |
| 1 | ~~DIRECT MATERIAL~~ JOB COSTS | | | 128,342.91 | |
| 2 | DIRECT LABOR | | | 167,761.28 | |
| 3 | INDIRECT FACTORY EXPENSE *(from Schedule A)* | | | | |
| 4 | SPECIAL TOOLING AND SPECIAL TEST EQUIPMENT *(SF 1432)* | | | | |
| 5 | OTHER COSTS *(from Schedule B)* EQUIP/SURETY | | | 395,598.05 | |
| 6 | GENERAL AND ADMINISTRATIVE EXPENSES *(from Schedule C)* | | | 47,375.79 | |
| 7 | TOTAL COSTS *(Items 1 thru 6)* | | | 739,078.03 | |
| 8 | PROFIT *(Explain in Schedule D)* | | | 925,834.91 | |
| 9 | TOTAL *(Items 7 and 8)* | | | 1,664,912.94 | |
| 10 | DEDUCT FINISHED PRODUCT INVOICED OR TO BE INVOICED* | | | | |
| 11 | TOTAL *(Item 9 less Item 10)* | | | 1,664,912.94 | |
| 12 | SETTLEMENT EXPENSES *(from Schedule E)* | | | 41,793.21 | |
| 13 | TOTAL *(Items 11 and 12)* | | | 1,706,706.15 | |
| 14 | SETTLEMENTS WITH SUBCONTRACTORS *(from Schedule F)* | | | 105,795.67 | |
| 15 | GROSS PROPOSED SETTLEMENT *(Items 13 thru 14)* | | | 1,812,501.82 | |
| 16 | DISPOSAL AND OTHER CREDITS *(from Schedule G)* | | | | |
| 17 | NET PROPOSED SETTLEMENT *(Item 15 less 16)* | | | 1,812,501.82 | |
| 18 | ADVANCE, PROGRESS & PARTIAL PAYMENTS *(from Schedule H)* | | | 376,768.29 | |
| 19 | NET PAYMENT REQUESTED *(Item 17 less 18)* | | | 1,435,733.53 | |

*Column (e), Section I, should only be used in the event of a partial termination, in which the total cost reported in Section II should be accumulated to date of completion of the continued portion of the contract and the deduction for finished product (Item 10, Section II) should be the contract price of finished product in Column (b), (c), and (e), Section I.

NOTE: File inventory schedules (SF 1426, 1428, 1430, and 1432) for allocable inventories on hand at date of termination ( See 49.206).

(When the space provided for any information is insufficient, continue on a separate sheet.)

SCHEDULE A - INDIRECT FACTORY EXPENSE *(Item 3)*

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

NOTE: Individual items of small amounts may be grouped into a single entry in Schedules B, C, D, E, and G.

SCHEDULE B - OTHER COSTS *(Item 5)*

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| Surety Expense | See 3-19-04 Submission | 276,768.29 | |
| Appoetionment of Equipment | | | |
| & vehicle ownship costs | see 11-2-04 Submission | 34,206.52 | |
| OTHER EQUIPment & | | | |
| vehicle costs | see 11-2-04 Submission | 84,623.24 | |
| | | | |

SCHEDULE C - GENERAL AND ADMINISTRATIVE EXPENSES *(Item 6)*

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| G & A expense | see 11-2-04 Submission | 47,375.79 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE D - PROFIT *(Item 8)*

| EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| Profit - please see 1-13-05 Submission | 925,834.91 | — |
| (AttAched) | | |
| | | |
| | | |
| | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

SCHEDULE E - SETTLEMENT EXPENSES *(Item 12)*

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| Costs to produce Settlement proposal | see 1-13-05 submission ATTACHED | 41,793.21 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

SCHEDULE F - SETTLEMENTS WITH IMMEDIATE SUBCONTRACTORS AND SUPPLIERS *(Item 14)*

| NAME AND ADDRESS OF SUBCONTRACTOR | BRIEF DESCRIPTION OF PRODUCT CANCELED | AMOUNT OF SETTLEMENT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| McBride Construction<br>19515 Baker Road<br>Bend, OR. 97702 | Blasting<br>*includes interest claim<br>see 11-2-04 submission | 105,795.67 | |
| | | | |
| | | | |
| | | | |

SCHEDULE G - DISPOSAL AND OTHER CREDITS *(Item 16)*

| DESCRIPTION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(If practicable, show separately amount of disposal credits applicable to acceptable finished product included on SF 1428.)

(Where the space provided for any information is insufficient, continue on a separate sheet.)

SCHEDULE H - ADVANCE, PROGRESS AND PARTIAL PAYMENTS *(Item 19)*

| DATE | TYPE OF PAYMENT | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| 1-29-04 | Withheld Liquidated Damages | 100,000.00 | |
| 4-30-04 | Surety Costs | 276,768.29 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

**CERTIFICATE**

This is to certify that the undersigned, individually, and as an authorized representative of the Contractor, has examined this termination settlement proposal and that, to the best knowledge and belief of the undersigned:

(a) AS TO THE CONTRACTOR'S OWN CHARGES. The proposed settlement (exclusive of charges set forth in Item 14) and supporting schedules and explanations have been prepared from the books of account and records of the Contractor in accordance with recognized commercial accounting practices; they include only those charges allocable to the terminated portion of this contract; they have been prepared with knowledge that they will, or may, be used directly or indirectly as the basis of settlement of a termination settlement proposal or claim against an agency of the United States; and the charges as stated are fair and reasonable.

(b) AS TO THE SUBCONTRACTORS' CHARGES. (1) The Contractor has examined, or caused to be examined, to an extent it considered adequate in the circumstances, the termination settlement proposals of its immediate subcontractors (exclusive of proposals filed against these immediate subcontractors by their subcontractors); (2) The settlements on account of immediate subcontractors own charges are fair and reasonable, the charges are allocable to the terminated portion of this contract, and the settlements were negotiated in good faith and are not more favorable to its immediate subcontractors than those that the Contractor would make if reimbursement by the Government were not involved; (3) The Contractor has received from all its immediate subcontractors appropriate certificates with respect to their termination settlement proposals, which certificates are substantially in the form of this certificate; and (4) The Contractor has no information leading it to doubt (i) the reasonableness of the settlements with more remote subcontractors or (ii) that the charges for them are allocable to this contract. Upon receipt by the Contractor of amounts covering settlements with its immediate subcontractors, the Contractor will pay or credit them promptly with the amounts so received, to the extent that it has not previously done so. The term "subcontractors," as used above, includes suppliers. See attached Subcontractor Statement.

NOTE: The Contractor shall, under conditions stated in FAR 15.403, be required to submit a Certificate of Current Cost or Pricing Data (see FAR 15.406-2 and 15.408 Table 15-2).

| NAME OF CONTRACTOR | BY *(Signature of authorized official)* | |
|---|---|---|
| White Buffalo Construction Inc. | [signature] | |
| | TITLE: President | DATE: 1-13-2005 |
| NAME OF SUPERVISORY ACCOUNTING OFFICIAL: Julie A. Clevenger | TITLE: Secretary | |

STANDARD FORM 1436 (REV. 9-97) PAGE 4

Attachment to Total Cost Settlement Proposal Form

SUBCONTRACTOR STATEMENT.

1. Subcontractor McBride Construction (hereinafter McBride) performed blasting on this project.
2. I believe that I have an obligation to McBride to pass through to FHWA all claims of McBride.
3. Attached is the signed Standard Form 1436 of McBride.
4. I have discussed the claim several times with a representative of McBride.
5. Based on the information available, I cannot determine with any certainty whether and to what extent McBride is entitled to payment.

SF 1436 PAGE 5

## SETTLEMENT PROPOSAL (TOTAL COST BASIS)

OMB No.: 9000-0012
Expires: 05/31/98

Public reporting burden for this collection of information is estimated to average 2.5 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

### FOR USE BY A FIXED-PRICE PRIME CONTRACTOR OR FIXED-PRICE SUBCONTRACTOR

THIS PROPOSAL APPLIES TO *(Check one)*
☐ A PRIME CONTRACT WITH THE GOVERNMENT ☒ SUBCONTRACT OR PURCHASE ORDER

SUBCONTRACT OR PURCHASE ORDER NO(S).

COMPANY: McBrides Construction Inc

STREET ADDRESS: 19585 Baker Rd

CITY AND STATE *(Include ZIP Code)*: Bend OR 97702

#### CONTRACTOR WHO SENT NOTICE OF TERMINATION

NAME: White Buffalo Construction

ADDRESS *(Include ZIP Code)*: P.O. Box 1210 Aumsville, OR 97325

NAME OF GOVERNMENT AGENCY: Federal Highway

GOVERNMENT PRIME CONTRACT NO.:

CONTRACTOR'S REFERENCE NO.:

If moneys payable under the contract have been assigned, give the following:

NAME OF ASSIGNEE:

ADDRESS *(Include ZIP Code)*:

EFFECTIVE DATE OF TERMINATION:

PROPOSAL NO.:

CHECK ONE: ☐ INTERIM ☐ FINAL

SF 1439, SCHEDULE OF ACCOUNTING INFORMATION ☐ IS ☐ IS NOT ATTACHED *(If not, explain below)*

### SECTION I - STATUS OF CONTRACT OR ORDER AT EFFECTIVE DATE OF TERMINATION

| PRODUCTS COVERED BY TERMINATED CONTRACT OR PURCHASE ORDER (a) | | FINISHED: PREVIOUSLY SHIPPED AND INVOICED (b) | FINISHED: ON HAND: PAYMENT TO BE RECEIVED THROUGH INVOICING (c) | FINISHED: ON HAND: PAYMENT NOT TO BE RECEIVED THROUGH INVOICING (d) | UNFINISHED OR NOT COMMENCED: SUBSEQUENTLY COMPLETED AND INVOICED* (e) | UNFINISHED OR NOT COMMENCED: NOT TO BE COMPLETED (f) | TOTAL COVERED BY CONTRACT OR ORDER |
|---|---|---|---|---|---|---|---|
| Invoices 98058A, 98058B 98058C, 98058D | QUANTITY | | | | | | |
| | $ | 39645.44 | | | | | |
| Unbilled work 11/19/98 | QUANTITY | | | | | | |
| | $ | 315.00 | | | | | |
| Billed Interest (to [illegible]) | QUANTITY | | | | | | |
| | $ | 66268.23 | | | | | |

### SECTION II - PROPOSED SETTLEMENT

| NO. | ITEM (a) | TOTAL PREVIOUSLY PROPOSED (b) | INCREASE OR DECREASE BY THIS PROPOSAL (c) | TOTAL PROPOSED TO DATE (d) | FOR USE OF CONTRACTING AGENCY ONLY (e) |
|---|---|---|---|---|---|
| | | (Use Columns (b) and (c) only where previous proposal has been filed) | | | |
| 1 | DIRECT MATERIAL | | | | |
| 2 | DIRECT LABOR | | | | |
| 3 | INDIRECT FACTORY EXPENSE *(from Schedule A)* | | | | |
| 4 | SPECIAL TOOLING AND SPECIAL TEST EQUIPMENT *(SF 1432)* | | | | |
| 5 | OTHER COSTS *(from Schedule B)* | | | | |
| 6 | GENERAL AND ADMINISTRATIVE EXPENSES *(from Schedule C)* | | | | |
| 7 | TOTAL COSTS *(Items 1 thru 6)* | | | | |
| 8 | PROFIT *(Explain in Schedule D)* | | | | |
| 9 | TOTAL *(Items 7 and 8)* | | | | |
| 10 | DEDUCT FINISHED PRODUCT INVOICED OR TO BE INVOICED* | | | | |
| 11 | TOTAL *(Item 9 less Item 10)* | | | | |
| 12 | SETTLEMENT EXPENSES *(from Schedule E)* | | | | |
| 13 | TOTAL *(Items 11 and 12)* | | | | |
| 14 | SETTLEMENTS WITH SUBCONTRACTORS *(from Schedule F)* | | | | |
| 15 | GROSS PROPOSED SETTLEMENT *(Items 13 thru 14)* | | | | |
| 16 | DISPOSAL AND OTHER CREDITS *(from Schedule G)* | | | | |
| 17 | NET PROPOSED SETTLEMENT *(Item 15 less 16)* | | | | |
| 18 | ADVANCE, PROGRESS & PARTIAL PAYMENTS *(from Schedule H)* | | | | |
| 19 | NET PAYMENT REQUESTED *(Item 17 less 18)* | | | | |

*Column (e), Section I, should only be used in the event of a partial termination, in which the total cost reported in Section II should be accumulated to date of completion of the continued portion of the contract and the deduction for finished product (Item 10, Section II) should be the contract price of finished product in Column (b), (c), and (e), Section I.

NOTE: File inventory schedules (SF 1426, 1428, 1430, and 1432) for allocable inventories on hand at date of termination (See 49.206).

(When the space provided for any information is insufficient, continue on a separate sheet.)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is unusable

STANDARD FORM 1436 (REV. 9-97)
Prescribed by GSA - FAR (48 CFR) 53.249(a)(3)

**SCHEDULE A - INDIRECT FACTORY EXPENSE *(Item 3)***

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

NOTE: Individual items of small amounts may be grouped into a single entry in Schedules B, C, D, E, and G.

**SCHEDULE B - OTHER COSTS *(Item 5)***

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SCHEDULE C - GENERAL AND ADMINISTRATIVE EXPENSES *(Item 6)***

| DETAIL OF EXPENSES | METHOD OF ALLOCATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| Document Preparation | | $350.00 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SCHEDULE D - PROFIT *(Item 8)***

| EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

**SCHEDULE E - SETTLEMENT EXPENSES** *(Item 12)*

| ITEM | EXPLANATION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SCHEDULE F - SETTLEMENTS WITH IMMEDIATE SUBCONTRACTORS AND SUPPLIERS** *(Item 14)*

| NAME AND ADDRESS OF SUBCONTRACTOR | BRIEF DESCRIPTION OF PRODUCT CANCELED | AMOUNT OF SETTLEMENT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**SCHEDULE G - DISPOSAL AND OTHER CREDITS** *(Item 16)*

| DESCRIPTION | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

(If practicable, show separately amount of disposal credits applicable to acceptable finished product included on SF 1428.)

(Where the space provided for any information is insufficient, continue on a separate sheet.)

SCHEDULE H - ADVANCE, PROGRESS AND PARTIAL PAYMENTS *(Item 19)*

| DATE | TYPE OF PAYMENT | AMOUNT | FOR USE OF CONTRACTING AGENCY ONLY |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(Where the space provided for any information is insufficient, continue on a separate sheet.)

**CERTIFICATE**

This is to certify that the undersigned, individually, and as an authorized representative of the Contractor, has examined this termination settlement proposal and that, to the best knowledge and belief of the undersigned:

(a) AS TO THE CONTRACTOR'S OWN CHARGES. The proposed settlement (exclusive of charges set forth in Item 14) and supporting schedules and explanations have been prepared from the books of account and records of the Contractor in accordance with recognized commercial accounting practices; they include only those charges allocable to the terminated portion of this contract; they have been prepared with knowledge that they will, or may, be used directly or indirectly as the basis of settlement of a termination settlement proposal or claim against an agency of the United States; and the charges as stated are fair and reasonable.

(b) AS TO THE SUBCONTRACTORS' CHARGES. (1) The Contractor has examined, or caused to be examined, to an extent it considered adequate in the circumstances, the termination settlement proposals of its immediate subcontractors (exclusive of proposals filed against these immediate subcontractors by their subcontractors); (2) The settlements on account of immediate subcontractors own charges are fair and reasonable, the charges are allocable to the terminated portion of this contract, and the settlements were negotiated in good faith and are not more favorable to its immediate subcontractors than those that the Contractor would make if reimbursement by the Government were not involved; (3) The Contractor has received from all its immediate subcontractors appropriate certificates with respect to their termination settlement proposals, which certificates are substantially in the form of this certificate; and (4) The Contractor has no information leading it to doubt (i) the reasonableness of the settlements with more remote subcontractors or (ii) that the charges for them are allocable to this contract. Upon receipt by the Contractor of amounts covering settlements with its immediate subcontractors, the Contractor will pay or credit them promptly with the amounts so received, to the extent that it has not previously done so. The term "subcontractors," as used above, includes suppliers.

NOTE: The Contractor shall, under conditions stated in FAR 15.403, be required to submit a Certificate of Current Cost or Pricing Data (see FAR 15.406-2 and 15.408 Table 15-2).

| NAME OF CONTRACTOR | BY *(Signature of authorized official)* | |
|---|---|---|
| McBride Construction Inc | [signature] | |
| | TITLE President | DATE 1/11/05 |
| NAME OF SUPERVISORY ACCOUNTING OFFICIAL | TITLE | |

STANDARD FORM 1436 (REV. 9-97) PAGE 4

Appendix A
Settlement Proposal Costs

| | | |
|---|---|---|
| **Legal - Stoel Rives** | | |
| 5/17/04 | 38634 | $ 255.86 |
| 5/17/04 | 38634 | $ 750.00 |
| 5/17/04 | 38634 | $4,175.00 |
| 5/17/04 | 38634 | $2,070.00 |
| 9/17/04 | 38947 | $6,566.17 |
| 9/30/04-11/30 | billed | $2,953.00 |
| **Joe Chapin** | | |
| 5/17/04 | 38632 | $ 854.00 |
| 6/16/04 | 38669 | $2,511.80 |
| 8/31/04 | 38878 | $ 653.15 |
| **Terry Kuenzi, CPA** | | |
| 5/31/04 | | $ 400.00 |
| **Landmark Surveying** | | |
| 4/30/04 | 38596 | $ 300.00 |
| **Trip to Powers jobsite w/ Joe Chapin** | | |
| Jacks Fountain 4/9/04 | | $ 23.00 |
| Fast Stop 4/9/04 | | $ 3.09 |
| Mileage, Dodge 1-ton 2004, diesel 432 miles x $ .375 per mile | | $ 162.00 |
| **Trip to Powers jobsite w/ D. Alexander** | | |
| The Fountain 4/21/04 | | $ 16.10 |
| Mileage, Dodge 1-ton 2004, diesel 432 miles x $ . 375 per mile | | $ 162.00 |
| **Trip to Bend to meet with R. McBride:** | | |
| The Riverhouse 4/3/04 | | $ 97.90 |
| The Riverhouse 4/4/04 | | $ 18.00 |
| The Pine Tavern Restaurant 4/3/04 | | $ 62.00 |
| Mileage 269 miles x $.375 | | $ 100.88 |
| **Trip to San Diego to meet with ICW:** | | |
| Comfort Inn 3/5/04 | | $109.34 |
| Alaska Airlines (coach) | | $476.40 |
| Alaska Airlines (upgrades) | | $200.00 |
| Casa de Pico | | $ 28.93 |
| Thrifty Parking (partial) | | $ 12.30 |
| National (partial) | | $ 38.47 |

| | | |
|---|---|---|
| Chevron (partial) | | $ 9.69 |
| Less cash back bonus from credit card (credit) | | -$ 34.68 |
| | | |
| Other mileage: Trips to FHWA, Stoel Rives, office supply store, ect.) | | |
| Julie Clevenger 1,195 miles @ $.375 | | $448.13 |
| Luther Clevenger 597 miles @ $.375 | | $223.88 |
| | | |
| Outside Printing & Binding: | | |
| Photocopying | | |
| 3/26/04 | Office Max | $ 13.96 |
| 11/3/04 | Office Max | $ 559.10 |
| | | |
| Thompson-West | | |
| 4/30/04 | 38605 | $ 55.32 |
| 5/28/04 | 38652 | $171.50 |
| 7/29/04 | 38770 | $358.80 |
| 9/16/04 | 38929 | $171.50 |
| 10/19/04 | 39023 | $171.50 |
| 11/22/04 | 39089 | $171.50 |
| 12/12/04 | 39122 | $171.50 |
| | | |
| Postage & Delivery: | Recipient | |
| 5/22/04 | Randy McBride | $ 3.95 |
| 3/27/04 | R. Alexander | $4.75 |
| 1/23/04 | Randy McBride | $ 1.65 |
| 1/20/04 | Land Mark Surveying | $3.85 |
| 3/27/04 | William Parsons | $6.30 |
| 9/4/04 | Joe Chapin | $23.38 |
| | | |
| Parking: | | |
| 5/19/04 | Portland | $1.50 |
| 5/19/04 | Portland | $1.50 |
| 5/24/04 | Portland | $1.50 |
| 3/18/04 | Smart Park | $1.90 |
| 5/18/04 | SmartPark | $6.80 |
| 5/18/04 | SmartPark | $2.85 |
| 5/17/04 | Smart Park | $6.80 |
| 5/17/04 | Smart Park | $12.00 |
| 5/20/04 | Smart Park | $3.80 |
| | | |
| Office Supplies: | | |
| 3/18/04 | Office Max | $10.67 |
| 3/25/04 | Office Max (credit) | -$ 2.69 |

| | | |
|---|---|---|
| 3/22/04 | Office Max | $41.94 |
| 3/25/04 | Office Max (credit) | -$27.96 |
| 1/12/05 | Office Max | $ 7.99 |

Food:

| | | |
|---|---|---|
| 5/17/04 | Paradise Bakery | $20.75 |
| 5/18/04 | Paradise Bakery | $28.00 |
| 5/19/04 | Paradise Bakery | $ 8.25 |

Telephone:

$ 4.29
$ 54.29

Photocopying, in-house: ( *the rate of $.10 is the same as the rate charged by FWHA*)

| | | |
|---|---|---|
| January 15 thru February 28: 166x $.10 | | $ 16.60 |
| March 2004. (Includes Surety Costs Proposal.) 1765 pgs x $.10 | | $176.50 |
| April 2004. 157 pgs x $.10 | | $ 15.70 |
| May 2004. 721 pgs x $.10 | | $ 72.10 |
| August 2004. 993 pgs x $.10 | | $ 99.50 |
| November 2004. Direct Costs Proposal. | 205 x $.10 | $ 20.50 |
| Db sided | 660 x $.15 | $ 99.00 |

Payroll: Settlement Proposal.

Julie Clevenger:
285.75 hrs @ $16.00 plus $573.11 in payroll costs — $5,145.11

Luther Clevenger:
190. 5 hrs @ $42.00 plus $834.15 in payroll costs — $8,835.15

Total $41,793.21

APPENDIX B

**TERMINATION FOR CONVENIENCE**
**CONTRACT # DTFH70-98-C-00027**

**REQUEST FOR PROFIT**
**AND**
**JUSTIFICATION FOR PROFIT**
**January 13, 2005**

**REQUEST FOR PROFIT**

White Buffalo Construction Inc. is requesting profit in the amount of $925,834.91. This sum is the amount that it would have made and is based on the difference between project costs and revenues on all major projects (over $50,000) commenced during the period of 1996 thru 2000. The average project profit is 47.45%.

We have calculated a total modified contract value of $1,951,180.00. Therefore, when we multiply our total contract value of $1,951,180.00 by our average project profit margin of 47.45% we obtain the sum of $925,834.91.

JUSTIFICATION FOR REQUEST FOR PROFIT

The FHWA failed to cooperate with the Contractor by not allowing the Contractor to commence work until September 15, 1998 and by not providing the required additional contract time due to the Contractor because of the late Notice To Proceed. The FHWA erred in its belief that the Contractor could not commence work on September 1, 1998 due to environmental restrictions.

The Contract states at C-12 in section 52.211-10 that ***"the completion date is based on the assumption that the successful offeror will receive the notice to proceed by September 1. The completion date will be extended by the number of calendar days after the above date that the Contractor receives***

***the notice to proceed, except to the extent that the delays in issuance of the notice to proceed results from the failure of the Contractor to execute the contract and give the required performance and payment bonds within the time specified in the offer."***

The contract was executed and the performance and payment bonds were timely tendered to the Contracting Officer (hereinafter CO). The FHWA did not issue a full NTP on September 1, 1998 and did not consider or give the Contractor the required additional time as mandated by the Contract. WBC was entitled to extensions of time that would have altered the interim completion date because of the late NTP. The FHWA erred in both the Cure Notice and the Notice of Termination for Default because the interim completion date of January 23, 1999 would have been extended because of the late NTP.

The contract contains environmental restrictions that prohibit commencement of work until September 15, 1998 for four of the ten sites on FDR 33 because clearing and grubbing was required at these sites. However, work could have started September 1, 1998 on six of the sites on FDR 33 but the FHWA did not allow this.

When he was asked why the NTP had not been issued Area Engineer Rettinger (hereinafter Rettinger) informed Project Superintendent Clevenger (hereinafter Clevenger) that there was no site where work could be performed due to contract environmental restrictions. Clevenger informed Rettinger that the contract allowed work to be performed without any restriction at MP 46.2. After Rettinger confirmed this he then informed Clevenger that he would not receive a NTP because he did not have an approved schedule. Project Engineer Aftab (hereinafter Aftab) told Clevenger to just submit another schedule and that they (the FHWA) would allow WBC to start on September 15. WBC was given a NTP dated September 15, 1998 even though WBC's schedule was still not approved.

Due to the failure of the FHWA to issue the NTP on September 1, 1998 WBC lost 25% of its work window for "wetted perimeter" work at MP 46.2. The days not utilized were dry summer days that were essential to completing the sub-grade work on FDR 33 prior to both the onset of the heavy rain season in late October and the first interim completion date of January 23,

1999. The Contractor had mobilized his equipment to FDR 33 MP 46.2 in anticipation of starting the work at that site on September 1, 1998.

The FHWA concealed from the Contractor the fact that it had discovered that the "excess" material that it had directed the Contractor to remove from MP 46.2 was actually needed at that site to complete the fill as shown in the drawings and as previously argued by the Contractor.

Rettinger informed Clevenger and Mark Heiberger (the survey subcontractor) that native material at MP 46.2 above the culvert inlet was excess material and would have to be excavated and hauled to a disposal site. WBC immediately began hauling the material to the disposal site. Eventually a Modification was agreed to adding another section of culvert at MP 46.2 under the assumption that this would allow on site use of the excess material and speed up the installation.

While this work was being performed Rettinger discovered that he was in error and that the material was actually needed at the same location at MP 46.2 for fill and that it should never have been removed. In fact, additional material would have to be hauled back to MP 46.2 to replace the material that was hauled way and to fill in the section of culvert that had been added.

When Rettinger discovered that the material being hauled away was actually needed at MP 46.2, he failed to inform WBC and he failed to correct his mistake. At the time of termination the FHWA was aware that Rettinger had mistakenly directed material to be hauled away and had entered into a Modification. The FHWA also knew that it was going to cost approximately $50,000 to correct this error but failed to take in into consideration and failed to take corrective action. The FHWA still required this needless and additional work of the Completion Contractor (hereinafter referred to as Tidewater) which was performed at WBC's expense.

The FHWA concealed from the Contractor that it had decided not to seek any extension from the permitting agencies to work in the "wetted perimeter". The FHWA deliberately misled the Contractor by informing it that the permitting agencies had refused to grant any extension. When the Contractor directly approached the permitting agencies and obtained permission from them to continue work the FHWA refused to allow the Contractor to continue