IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant, the United States, respectfully opposes the March 21, 2008 motion to compel discovery filed by plaintiff, White Buffalo Construction, Inc. ("White Buffalo"). White Buffalo requests that the Court compel answers to its Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13. Memorandum In Support Of Plaintiff's Motion To Compel ("Pl. Memo.") at 2-6.

I. The Court Should Deny White Buffalo's Motion To Compel Answers To Its Requests For Production Because White Buffalo Fails To Address All Of The Government's Objections To Those Requests

The Court should deny White Buffalo's motion to compel answers to its Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13 because White Buffalo fails to address all of the Government's objections to those requests. We objected to those requests because they were overly broad, vague, and unduly burdensome on their face in that, in employing the phrase "related to," they did not identify documents with reasonable particularity. Declaration of Scott J. Kaplan In Support of Plaintiff's Motion To Compel ("Kaplan Decl.") Exhibit ("Exh.") 1

at 6, 7, 14-19. Except with respect to Request For Production No. 4, we cited to Rule 34 of the Rules of the United States Court of Federal Claims ("RCFC") and Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 665 (D. Kan. 1999). Id.

White Buffalo fails to address the merits of those objections; moreover, in its memorandum in support of its motion to compel, White Buffalo omits those objections from its recitation of our responses. Pl. Memo. at 3-6. And White Buffalo's allusion to "boilerplate objections" (Pl. Memo. at 2) presents no substantive argument challenging those or any other objections that we made to its requests. Cf. Sonnino v. Univ. of Kansas Hosp. Auth., 221 F.R.D. 661, 670 (D. Kan. 2004) (noting that defendants' response to motion to compel did not respond to any of plaintiff's arguments about defendants' "boilerplate objections").

White Buffalo's failure to address all of our objections means that its Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13 are still the subject of unchallenged objections.[1] For that reason alone, the Court should deny plaintiff's motion to compel, because if the moving party fails to address an objection in its motion to compel, the objection will stand, and the motion

---

[1] The Government invited White Buffalo to serve new requests that identified documents with reasonable particularity (see Pl. Mot. Exh. 3 at 1), but White Buffalo has, thus far, declined to do so.

to compel should be denied. See DIRECTV, Inc. v. Puccinelli, 224 F.R.D. 677, 691 (D. Kan. 2004); accord Sonnino, 221 F.R.D. at 671 n.37.

## II. The Court Should Deny White Buffalo's Motion To Compel Answers To Its Requests For Production Because They Seek Information In Support Of Claims That The Court Does Not Possess Jurisdiction To Entertain

The Court should deny White Buffalo's requests because they seek information in support of claims that the Court does not possess jurisdiction to entertain. Pursuant to RCFC 12(h)(3), whenever it appears that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action. A Court that does not possess jurisdiction to entertain a claim does not possess any basis upon which to order discovery upon that claim. Cf. Catalytic Indust. Maint. Co. v. Compton, 333 F. Supp. 533, 538 (D.P.R. 1971) ("This Court, having determined that it lacks jurisdiction over the complaint, no longer has a basis upon which to order the requested discovery which therefore becomes moot and abates.").

As White Buffalo's motion to compel confirms, its Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13 seek documents in support of its "bad faith" claims; that is, its claims concerning the Government's administration of White Buffalo's contract and the merits of the conversion of the termination of the contract

from one for default to one for convenience of the Government.[2] We objected to those requests because they were not reasonably calculated to lead to the discovery of admissible evidence, in that the Court does not possess jurisdiction to entertain the claims to which those requests pertain. Kaplan Decl. Exh. 1 at 6, 7, 14-19. As we demonstrated in Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims, and suggest here pursuant to RCFC 12(h)(3), the Court does not possess jurisdiction to entertain those claims.

First, an action such as this, which is brought pursuant to the Contract Disputes Act ("CDA"), must be based upon the same claim previously presented to and denied by a contracting officer. Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). A contractor may not present new claims to the trial court that were not presented to a contracting officer. See Santa Fe Eng'rs, Inc. v. United States, 818 F.2d 856, 858 (Fed. Cir. 1987). The deadline for bringing an action in this

---

[2] White Buffalo refers in its memorandum to the Government's confidence "in its position to litigate White Buffalo's bad-faith claim." Pl. Memo. at 1-2. There is no indication in White Buffalo's motion that the discovery it seeks is to support its termination settlement proposal claims, its request that the contract termination be converted to one for convenience, or its challenge to the withholding of liquidated damages.

Court challenging a contracting officer's decision is one year from the receipt of that decision. See Int'l Air Response v. United States, 302 F.3d 1363, 1366 (Fed. Cir. 2002) (citing 41 U.S.C. § 609(a)(3)).

White Buffalo has not presented to the contracting officer any claim regarding the merits of the conversion of the termination of the contract to one for convenience. Moreover, White Buffalo received the contracting officer's January 15, 2004 decision converting the termination of its contract on January 17, 2004 (Appendix ("App.") 60); therefore, White Buffalo had until January 17, 2005, to commence an action in this Court challenging the conversion. White Buffalo raises the "conversion" issue in Case No. 07-738C (Case No. 07-738C Complaint ("2007 Compl.") ¶¶ 52, 57), but did not commence that action until October 22, 2007, well more than two years late.

Second, White Buffalo alleges that the Government "breached its implied obligations of good faith and fair dealing and duty to cooperate in facilitating WBC's performance of the contract." 2007 Compl. ¶ 50 (emphasis added). However, "[e]ach claim by a contractor against the Government relating to a contract . . . shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 605(a). A claim accrues when all events necessary to fix the liability of the defendant have occurred.

See Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993).

White Buffalo's performance of the contract ended with the termination of the contract on December 1, 1998 (see 2007 Compl. ¶ 17); consequently, none of the alleged breaches that White Buffalo refers to could have occurred after December 1, 1998. White Buffalo, however, first presented its claims to the contracting officer in January 13, 2005 (App. 15), more than six years after its claims that the Government hindered its contract performance could have accrued. Consequently, White Buffalo did not present its "bad faith" contract administration claims within the six-year period after their accrual, which was necessary to establish this Court's jurisdiction to entertain those claims.

Finally, to the extent that White Buffalo bases any of its "bad faith" claims upon actions that took place after the contract's termination, the Court does not possess jurisdiction to entertain those claims because the Government and White Buffalo were not in privity of contract for those purposes after the contract's termination. Cf. Int'l Data Prods. Corp. v. United States, 492 F.3d 1317, 1325 (Fed. Cir. 2007) (affirming denial of constructive change, equitable adjustment, cardinal change claims where work at issue took place after termination of contract with the Government); Erickson Air Crane Co. of Wash.,

Inc. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract, . . . .").

III. The Court Should Not Entertain White Buffalo's Request For Sanctions Because That Request Is Premature And Because The Government's Objections Are Substantially Justified

The Court should not entertain White Buffalo's request for sanctions because that request is premature and because the Government's objections are substantially justified. Rule 37(a)(4)(A) provides:

> If a motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust (emphasis added).

Because the Court has not granted any motion to compel, and because the Government has not provided any of the requested discovery since the filing of White Buffalo's motion, White Buffalo's request for sanctions is premature and should not be entertained. See RCFC 37(a)(4)(A). If either of those events occurs, however, the Court should provide the Government a

subsequent opportunity to be heard upon White Buffalo's request for sanctions. See id.

Nevertheless, this response to White Buffalo's establishes that the Government's objections to Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13 are substantially justified. See RCFC 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); cf. Wells Fargo & Co. v. Wells Fargo Exp. Co., 556 F.2d 406, 430 (9th Cir. 1977) (holding that a trial court's refusal to grant discovery was not an abuse of discretion when it was clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction); Cotracom Commodity, 189 F.R.D. at 665 (finding requests for documents using the omnibus phrase "relating to" overly broad and unduly burdensome on their face).

For the foregoing reasons, the Court should deny White Buffalo's motion to compel.

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

April 7, 2008 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, a copy of the foregoing Defendant's Response To Plaintiff's Motion To Compel was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail