IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO STAY CERTAIN DISCOVERY
PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court stay, pending resolution of Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims, further discovery upon the claims set forth in Case Nos. 99-961C (Fed. Cl.), Case No. 00-415C (Fed. Cl.), and the Second and Third Claims For Relief in the complaint in Case No. 07-738C (Fed. Cl.). The requested stay would include a stay upon Plaintiff's Requests For Production Nos. 3, 4, 9, 10, 11, 12, and 13, which are currently the subject of a motion to compel discovery filed by plaintiff, White Buffalo Construction, Inc. ("White Buffalo").

We request the stay because, if the Court grants our motion to dismiss, the only claims remaining would be those set forth in the First Claim For Relief set forth in the complaint in Case No. 07-738C, concerning White Buffalo's termination for

convenience settlement proposal. Case No. 07-738C (Fed. Cl.) Complaint ("2007 Compl.") at 7-9. Pursuant to RCFC 26(c), we certify that we have in good faith conferred with While Buffalo in an effort to obtain the requested stay without Court action. Appendix ("App.") 5-6. White Buffalo has informed us that it does not agree to a stay of discovery. App. 7-8.

A court has broad discretion to stay discovery in a case while a dispositive motion is pending. See Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672-73 (S.D. Cal. 2001) (citing Data Disc, Inc. v. Systs. Techn. Assocs., Inc., 557 F.2d 1280 (9th Cir. 1977)). This Court may consider a motion to stay discovery where a dispositive motion is pending, as a matter of case management. See RCFC 12, Rules Committee Note (discussing now-deleted RCFC 12(i)). When a dispositive motion is pending, the question of whether to suspend discovery depends upon the relevancy of the purported discovery requests, whether the facts have been stipulated to, and whether further discovery would uncover facts which would aid the party seeking discovery in its opposition to the dispositive motion. Catellus Dev. Corp. v. United States, 26 Cl. Ct. 210, 213 (1992).

The Court should stay any further discovery, except upon White Buffalo's First Claim For Relief in Case No. 07-738C. Except for the claims set forth in the First Claim For Relief in Case No. 07-738C, White Buffalo's claims, including claims of

"bad faith," concern (1) the Government's administration of White Buffalo's contract, (2) the termination of the contract for default, (3) unspecified "amounts [allegedly] due" to White Buffalo, (4) the withholding of liquidated damages, and (5) the conversion of the termination of the contract from one for default to one for convenience. Case No. 99-961C (Fed. Cl.) Complaint ("1999 Compl.") ¶¶ 73-74; Case No. 00-415C (Fed. Cl.) Complaint ("2000 Compl.") at 4; 2007 Compl. ¶¶ 50-51, 56-57. As we demonstrated in our motion to dismiss, however, the Court either does not possess jurisdiction to entertain those claims, those claims are ones upon which relief cannot be granted, or both. Discovery would not aid White Buffalo in opposing that motion.

First, we demonstrated (Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims ("Mot.") at 5-7) that White Buffalo's claims regarding whether the Court should convert the termination and order liquidated damages returned to White Buffalo are moot because the Government has already provided that relief. Cf. Rothe Dev. Corp. v. Dep't of Defense, 413 F.3d 1327, 1331 (Fed. Cir. 2005) (holding that the tender of the entire amount of damages claimed by a plaintiff moots the damages claim). Opposing our motion to dismiss those claims requires no discovery; White Buffalo's complaints confirm that

the Government converted the termination from default to one for convenience of the Government and withdrew its claim for liquidated damages. 2007 Compl. ¶¶ 37, 57.

Second, we demonstrated (Mot. at 7 n.4) that the Court could not have granted White Buffalo's request, in Case No. 99-961C (1999 Compl. ¶ 74), for unspecified "amounts due" because the only contracting officer's final decision from which White Buffalo appealed in that case (id. ¶ 3) was the December 1, 1998 decision terminating the contract for default (App. 1). See Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578 (Fed. Cir. 1994). Consequently, the Court does not possess jurisdiction to entertain that "amounts due" claim. See id.

Third, we demonstrated (Mot. at 9-11) that the Court does not possess jurisdiction to entertain claims regarding the Government's administration of the contract because those claims were presented to the contracting officer more than six years after they accrued. See 41 U.S.C. § 605(a); Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993). Opposing our motion to dismiss those claims requires no discovery. White Buffalo alleges that the Government "breached its implied obligations of good faith and fair dealing and duty to cooperate in facilitating WBC's performance of the contract." 2007 Compl. ¶ 50 (emphasis added). However, White Buffalo's performance of the contract ended with its termination

on December 1, 1998 (see id. ¶ 17); consequently, the breach that White Buffalo alleges could have occurred no later than December 1, 1998. White Buffalo, however, first presented its claims to the contracting officer in January 13, 2005 (App. 15), more than six years after that claim accrued.

Fourth, we demonstrated (Mot. at 11-14) that White Buffalo's claims that the Government, in bad faith, administered the contract converted its termination into one for convenience fail to allege facts constituting a specific intent to injure White Buffalo, as required to withstand a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6). See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (concerning standard of review of Rule 12(b)(6) motion); Asco-Falcon II Shipping Co. v. United States, 32 Fed. Cl. 595, 605 (1994) (concerning standard of review of Rule 12(b)(6) motion challenging "bad faith" claims). Discovery will not aid White Buffalo's opposition to those arguments, which challenge the sufficiency of White Buffalo's "bad faith" allegations; indeed, implicit in the consideration of a Rule 12(b)(6) motion is the question whether the complaint alleges sufficient facts even to warrant discovery. See Twombly, 127 S. Ct. at 1966.

Fifth, we demonstrated (Mot. at 10-11) that White Buffalo has not presented to the contracting officer any claim that the

conversion of the termination was in bad faith, as required to establish this Court's jurisdiction to entertain that claim. See Scott Timber Co. v. United States, 333 F.3d 1358, 1365 (Fed. Cir. 2003). Moreover, we demonstrated any "bad faith" or "invalid" conversion claim that White Buffalo has presented to this Court is untimely because White Buffalo commenced Case No. 07-738C, in which it challenges the conversion (2007 Compl. ¶¶ 51, 57) more than a year after it received the contracting officer's decision converting the termination. Id. Consequently, we demonstrated that the Court does not possess jurisdiction to entertain any claims based upon the conversion of the contract termination. See Int'l Air Response v. United States, 302 F.3d 1363, 1366 (Fed. Cir. 2002) (citing 41 U.S.C. § 609(a)(3)). Discovery upon the reasons for the conversion of the termination would not uncover facts that would aid White Buffalo in opposing those arguments.

The Court should limit discovery in this case to the claims set forth in First Claim For Relief in Case No. 07-738, which are the only claims that the Court possesses jurisdiction to entertain, or upon which it may grant relief. For the foregoing reasons, the Court should stay any further discovery upon the claims set forth in Case Nos. 99-961C, Case No. 00-415C, and the Second and Third Claims For Relief in Case No. 07-738C, pending resolution of Defendant's Motion To Dismiss Certain Claims For

Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims.

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

April 7, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2008, a copy of the foregoing Defendant's Motion To Stay Certain Discovery Pending Resolution Of Defendant's Motion to Dismiss was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail