IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
TO BAR PLAINTIFF FROM TAKING THE DEPOSITION
OF TIMOTHY BINDER, AND REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court issue a protective order barring plaintiff, White Buffalo Construction, Inc. ("White Buffalo"), from taking the deposition of Timothy Binder, who is employed as an attorney by the Federal Highway Administration, Department of Transportation. Pursuant to RCFC 26(c), we certify that we have in good faith conferred with While Buffalo in an effort to preclude a deposition of Mr. Binder without Court action. See Appendix ("App.") 2, 7. In addition, during the Court's April 8, 2008 status conference, we informed the Court that we intended to request Court action to preclude such a deposition, and the Court, on April 9, 2008, ordered that ruling would be deferred until the matter was fully briefed.

Deposing a party's attorney should be limited to where the party seeking to take the deposition has shown that (1) no other

means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. See King-Fisher Co. v. United States, 58 Fed. Cl. 570, 571 (2003). The deposition of an attorney should be precluded where the attorney-client and work product privileges apply and where the discovery sought by the deposition could be obtained by less intrusive sources. See Flynn v. Church of Scientology Int'l, 116 F.R.D. 1, 4 (D. Mass. 1986).

The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice. Genentech, Inc. v. U.S. Int'l Trade Comm'n, 122 F.3d 1409, 1415 (Fed. Cir. 1997). The work product privilege protects the attorney's thought processes and legal recommendations. Id. An attempt, without purported necessity or justification, to secure personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Hickman v. Taylor, 329 U.S. 495, 510 (1947). Not even the most liberal of discovery theories can justify unwarranted inquiries into the mental impressions of an attorney. Id.

Here, White Buffalo has noticed the deposition of Timothy Binder for April 22, 2008. App. 3. Mr. Binder has been counsel to FHWA since July 2000. App. 4 ¶¶ 1-2. He began work upon White Buffalo matters in July 2000. See id. ¶ 4. Even after other counsel assumed his formal duties with respect to these actions, he has provided legal counsel to FHWA and the Department of Justice regarding these actions. App. 5 ¶ 12.

All of Mr. Binder's involvement with these actions has been in the course of his legal duties or his capacity as an agency attorney; that involvement, therefore, consists of Mr. Binder's communications with agency and Department of Justice personnel, as well as his thought processes and legal recommendations. See id. 4-6 ¶¶ 4, 6-13. He is not a witness to the performance of the contract by either White Buffalo or the follow-on contractor; indeed, he did not even join FHWA until approximately two years after the completion of the contract work. See App. 5-6 ¶ 13. Consequently, whatever information he possesses regarding those subjects is protected by the attorney work product doctrine or the attorney-client communication privilege.

Moreover, to the extent that White Buffalo seeks information from Mr. Binder regarding his role in the preparation of contacting officers' decisions (an issue that White Buffalo raised during the Court's April 8, 2008 status conference), it may obtain that information, to the extent that the information is not protected or privileged, from the contracting officers

themselves. In fact, on the same day that White Buffalo indicated its intent to depose Mr. Binder, it indicated its intent to depose William Parsons and Elizabeth Firestone, the contracting officers whose decisions are the predicates for these actions. App. 1. Yesterday, White Buffalo noticed the depositions of Mr. Parsons and Ms. Firestone. App. 8-9.

Finally, Mr. Binder's role in the preparation of contracting officer's decisions is not crucial to White Buffalo's preparation of this case. Indeed, when suit is brought following a contracting officer's decision, the proceedings are de novo, and the findings of fact in the contracting officer's decision are not entitled to any deference. Wilner v. United States, 24 F.3d 1397, 1401-02 (Fed. Cir. 1994). Thus, a Contract Disputes Act plaintiff such as White Buffalo must prove its case de novo, without regard to the decision of the contracting officer. See id. Consequently, any contribution that Mr. Binder made to the contracting officers' decisions is not crucial to these actions.

Because Mr. Binder's information is protected by the attorney-client and work product privileges, and because White Buffalo can obtain any non-privileged information by less intrusive sources, the Court should issue a protective order barring White Buffalo from deposing Mr. Binder. Cf. Flynn, 116 F.R.D. at 4 (barring deposition of party's attorney).

Because Mr. Binder's deposition is noticed for April 22, 2008, we respectfully request expedited consideration of this motion.

Respectfully submitted,

JEFFREY BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

April 11, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2008, a copy of the foregoing Defendant's Motion For A Protective Order To Bar Plaintiff From Taking The Deposition Of Timothy Binder, And Request for Expedited Consideration was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail