APPENDIX TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO BAR PLAINTIFF FROM TAKING THE DEPOSITION OF TIMOTHY BINDER, AND REQUEST FOR EXPEDITED CONSIDERATION

INDEX TO APPENDIX

PAGE(S)

Letter of Scott Kaplan, Stoel Rives LLP, to Timothy P. McIlmail, Dep't Of Justice, Apr. 1, 2008. . . . . . . 1

Letter of Timothy P. McIlmail, Dep't Of Justice, to Richard E. Alexander, Stoel Rives LLP, Apr. 2, 2008. . . . . . . 2

Notice Of Deposition Of Timothy Binder, Apr. 8, 2008. . . . . . . 3

Declaration of Timothy J. Binder, Apr. 10, 2008.. . . . . . . . . 4

Certification of Timothy P. McIlmail, Apr. 10, 2008.. . . . . . . 7

Plaintiff's Notice Of Depositions, Apr. 10, 2008. . . . . . . . . 8

STOEL RIVES LLP
ATTORNEYS AT LAW

900 S.W. Fifth Avenue, Suite 2600
Portland, Oregon 97204
main 503.224.3380
fax 503.220.2480
www.stoel.com

SCOTT J. KAPLAN
*Direct (503) 294-9186*
sjkaplan@stoel.com

April 1, 2008

**VIA FACSIMILE**

Mr. Timothy P. McIlmail
U.S. Department of Justice
Civil Division - Commercial Litigation Branch
1100 L Street, NW, 8th Floor
Washington, DC 20530

Re: ***White Buffalo Construction, Inc. v. U.S.*, Consolidated Under Court of Federal Claims Case No. 99-961C**

Dear Tim:

This is an attempt to informally schedule depositions before sending out notices. Please let me know the availability for deposition of the following defendant-affiliated witnesses for the period April 21 to April 30, 2008.

William Parsons
Tim Binder
Elizabeth Firestone
Curtis Scott
Sterling Munro (both as a fact witness and a proffered expert)
Paul Rettinger

We would like to get the deposition scheduling worked out this week. Please also let me know if you have any questions.

Very truly yours,

Scott J. Kaplan

SJK:dmv

Portlnd3-1623788.1 0079700-00014

**U.S. Department of Justice**

Civil Division

TMH:TPMcIlmail
DJ# 154-99-961

Telephone: (202) 616-0342
Facsimile: (202) 514-7965

*Washington, D.C. 20530*

April 2, 2008

Richard E. Alexander
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268

Re: White Buffalo Constr., Inc. v. United States, Nos. 99-961C, 00-415C, 07-738C (Fed. Cl.)

Dear Mr. Alexander:

We have received Scott Kaplan's April 1, 2008 letter requesting availability dates for persons whom plaintiff wishes to depose, including Timothy Binder of the Federal Highway Administration. We decline to provide availability dates for Mr. Binder. Mr. Binder has been one of the Government's attorneys in the matters that are the subject of these cases. We do not understand how any information that Mr. Binder could provide at a deposition would not be protected or privileged and, therefore, not subject to disclosure.

Thank you for your attention to this matter.

Very truly yours,

Timothy P. McIlmail
Trial Attorney
Commercial Litigation Branch

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 99-961-C<br>(Consolidated with Nos. 00-415C and 07-738C)<br>(Senior Judge Smith) |

**NOTICE OF DEPOSITION OF TIMOTHY BINDER**

PLEASE TAKE NOTICE that pursuant to RCFC 30, plaintiff White Buffalo Construction, Inc. will take the deposition, under oath, of Timothy Binder on April 22, 2008 at 9 a.m. at the 610 East Fifth Avenue, Vancouver Washington.

The deposition will be conducted as indicated above or at such other time and place that can be mutually agreed upon by the parties. The deposition will be taken before a court reporter who is authorized to administer an oath. If the deposition is not completed on the date set out above, the taking of the deposition will be continued from day to day thereafter until completed.

DATED: April 8, 2008.

STOEL RIVES LLP

Richard E. Alexander, OSB No. 690022
Scott J. Kaplan, OSB No. 913350
Attorneys of Record for Plaintiff
White Buffalo Construction, Inc.

Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 99-961c (Consolidated with |
| | ) Case No. 07-738C and 00-415C) |
| THE UNITED STATES, | ) |
| | ) (Senior Judge Loren A. Smith) |
| Defendant. | ) |

DECLARATION OF TIMOTHY J. BINDER

1. I am the Division Counsel for the Western Federal Lands Highway Division of the Federal Highway Administration (FHWA). My duties as Division Counsel are to provide legal services to the Federal office, including the legal review of contract matters and assisting the Department of Justice in legal proceedings.

2. I took over this position in July of 2000, having worked prior to that time in the Office of the General Counsel of the United States Department of Agriculture.

3. Prior to July of 2000, I was not involved with FHWA nor did I have any knowledge of or input into any actions conducted by the agency during any of the time the agency had an ongoing contract with the Plaintiff or with the follow-on contractor.

4. From July of 2000 to the present, I have worked with the Department of Justice in the present action, in discussing legal theories, providing legal advice, and reviewing documents for legal matters.

5. I am a member of the bar of the United States Court of Federal Claims.

6. When the Department of Justice decided to convert the termination from default to one of convenience based on the safety concern to opening the road posed by the overburden, I assisted the Contracting Officer in drafting a decision that met the Department of Justice request. I worked closely with Joe Trautwein of DOJ and the Contracting Officer in creating a draft document. I do not remember who actually initially drafted the document, though ultimately I sent a final draft to the contracting officer at the advice of DOJ.

7. Following the issuance of the COD on the termination for convenience on January of 2004, I continued to work with DOJ in providing legal advice to the Contracting Officer in seeking a timely resolution of the issues between the parties.

App. 4

8. After the Plaintiff submitted its termination settlement proposal in January of 2005, I told the Contracting Officer that I did not want to be involved in the audit. I did not take any active role in giving advice to the auditor. At the request of the Contracting Officer, I provided some minimal advice to the Contracting Officer on issues relating to the audit.

9. Following the audit, I worked with Plaintiff's counsel to engage in an effort to resolve the matter. The effort was unsuccessful.

10. Thereafter, I provided legal advice to the contracting officer in preparing the COD. I did not propose or determine the amounts to be allowed, although I reviewed the contracting officer's decision for legal sufficiency. I provided more assistance on the attorney fee portion of the claim, but kept my assistance to a review of claimed costs based upon my legal analysis of what could be claimed properly under the law. At no time did I direct the contracting officer to adopt my legal conclusions, or otherwise seek to displace the independent judgment of the contracting officer. As part of the legal advice, I reviewed drafts and provided comments. I suggested approaches to issues, and worked for clarity in the document. I coordinated and discussed legal issues with the Department of Justice throughout this time.

11. At all times, I understood that this matter remained in litigation. The comments I provided internally to the agency were with the view towards litigation and constituted what I believed to be attorney work-product privilege and attorney-client privilege. I considered my advice to the agency to be equivalent to Plaintiff's counsel's advice to the Plaintiff on its claim.

12. After the appeal of the contracting officer's decision on the Plaintiff's settlement proposal was made, I continued to provide legal advice both to the agency and to the Department of Justice. Even as agency counsel in headquarters has been designated as the lead agency counsel on the latest case, I remain an integral part of the agency legal team, providing legal analysis to the Department of Justice on a variety of issues. Because of the press of other work, I have turned the internal agency legal duties on the case over to my assistant, Rayann Speakman. However, I have continued to provide legal advice and assistance to the Department of Justice on this case as requested.

13. I have no independent knowledge of the facts relevant to this appeal. I did not begin working with the agency until over two and a half years after the contract was terminated and approximately 2 years after the entire project was completed. I have no independent knowledge of any of the facts relating to costs incurred by the Plaintiff on the project, concerning any breach of contract claims that occurred during the project, or concerning any bad faith allegations raised by the Plaintiff. My role since beginning work in this office with respect to this case has been to work closely with the Department of Justice and to provide legal advice both to the agency and to the Department of Justice. My legal advice has been based on my review of the record and talking with witnesses, my

research of cases, and my general knowledge. I was not a percipient witness to any of the facts concerning the costs incurred by the Plaintiff during the project, of the costs Plaintiff incurred after the contract, or of the facts relating to Counts II and III of the Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2008

Timothy J. Binder

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |

CERTIFICATION

Pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims, I certify that I have in good faith conferred with counsel for White Buffalo Construction, Inc., in an effort to preclude a deposition of Timothy Binder, an attorney employed by the Federal Highway Administration, Department of Transportation.

TIMOTHY P. MCILMAIL
Attorney for Defendant

April 10, 2008

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 99-961-C<br>(Consolidated with Nos. 00-415C and 07-738C)<br>(Senior Judge Smith) |

**PLAINTIFF'S NOTICE OF DEPOSITIONS**

PLEASE TAKE NOTICE that pursuant to RCFC 30, plaintiff White Buffalo Construction, Inc. will take the deposition, under oath, of the following people, at the date and times indicated below or such other date and time that can be mutually agreed upon by the parties.

| Name | Date | Time | Location |
|---|---|---|---|
| Paul Rettinger | April 22, 2008 | 9 a.m. | 610 East Fifth Avenue<br>Vancouver, Washington |
| William Parsons | April 23, 2008 | 9 a.m. | 610 East Fifth Avenue<br>Vancouver, Washington |
| Elizabeth Firestone | April 24, 2008 | 9 a.m. | 610 East Fifth Avenue<br>Vancouver, Washington |
| Curtis Scott | April 24, 2008 | 1:30 p.m. | 610 East Fifth Avenue<br>Vancouver, Washington |
| Sterling Munro | April 28, 2008 | 9 a.m. | 600 University Street, Suite 3600<br>Seattle, Washington |

The deposition will be conducted as indicated above or such other place that can be mutually agreed upon by the parties. The deposition will be taken before a court reporter who is

authorized to administer an oath. If the deposition is not completed on the date set out above, the taking of the deposition will be continued from day to day thereafter until completed.

DATED: April 10, 2008.

STOEL RIVES LLP

Richard E. Alexander, OSB No. 690022
Scott J. Kaplan, OSB No. 913350
Attorneys of Record for Plaintiff
White Buffalo Construction, Inc.

Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480