# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., an Oregon corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant*. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO BAR PLAINTIFF FROM TAKING THE DEPOSITION OF TIMOTHY BINDER; REQUEST FOR LIMITED CONTINUANCE OF DISCOVERY CUTOFF**<br><br>**No. 99-961C (Consolidated with Case Nos. 07-738C and 00-415C)**<br><br>**Senior Judge Loren A. Smith**<br><br>**Electronically Filed April 21, 2008** |

## I. INTRODUCTION

Defendant's motion to prevent the deposition of Federal Highway Administration (the "FHA") in-house counsel Timothy Binder presents only one narrow issue. Binder is not trial counsel. There is no question of disqualification. Rather, Binder's testimony is sought based on his contemporaneous involvement in the contracting officer's (the "CO") business decisions. Plaintiff White Buffalo Construction, Inc. ("White Buffalo") maintains that Binder's testimony fits squarely within the rule that there is no privilege for business, as opposed to legal, advice. The FHA CO is in the business of making contractual decisions as required by the Contract Disputes Act (the "CDA"). The government cannot cloak its decision-making behind a privilege by delegating to lawyers decisions that the CDA requires the CO to make.

The government argues that even if Binder did assume the duties of the CO, his testimony lacks relevance because "when suit is brought following a contracting officer's decision, the proceedings are *de novo*, and the findings of fact in the contracting officer's decision are not entitled to any deference." (Defendant's Memo at 4.) However, the government

forgets that White Buffalo has a bad-faith claim, including a claim that the purported convenience termination decision, a decision Binder admits he implemented (Declaration of Timothy J. Binder ("Binder Decl.") ¶ 6), was made in bad faith (*see* Complaint, Case No. 07-738C, ¶ 57 (characterizing purported convenience termination as "the culmination of a pattern of bad-faith government conduct")). Similarly, the government challenges White Buffalo's costs in this action, and Binder admits he was involved in the Defense Contract Audit Agency (the "DCAA") audit of White Buffalo's costs. (Binder Decl. ¶¶ 8-9.) Binder's testimony is reasonably calculated to lead to admissible evidence on these issues.

The government's motion should be denied. The government, through counsel, does not object if its motion is denied, to an extension of the discovery cutoff to take Binder's deposition on a mutually convenient date. Therefore, should the government's motion be denied, White Buffalo also requests the Court to amend the case schedule to permit this.

## II. ARGUMENT

### A. There Is No Privilege for Communications Made by Counsel Acting in a Business Capacity

While a CO is entitled to rely on the advice of technical experts, a CO's decision on a claim must be his or her own. The CO cannot delegate his or her business duty to decide a claim to others. *Schlesinger v. U.S.*, 182 Ct. Cl. 571 (1968). The ASBCA summarized the rule as follows:

> [A] contracting officer abdicates his responsibilities when he lets his subordinates take over the entire problem and resolve it to their views of the matter and permits himself to be used solely as a conduit by means of which the subordinate's views are made known to the contractor. He also abdicates his responsibilities when he meekly bows to the demands of his superiors or permits his advisors to dictate a decision contrary to his own views. Finally, he abdicates his responsibilities if he simply unquestioningly accepts the views of his advisors and does not himself form an independent and informed judgment.

*Max Jordan Bauunternehmung*, 82-1 B.C.A. (CCH) ¶ 15,685 (ASBCA 1982); *see also Byrd Foods, Inc.*, 83-1 B.C.A. (CCH) ¶ 16,313 (VABCA 1983).

Consequently, the decision of the CO here to attempt to convert the government default termination to convenience was a business decision that should have been made by the Federal Highway Administration ("FHA") business people. However, Binder admits in his declaration:

> When the *Department of Justice decided* to convert the termination from default to one of convenience based on the safety concern to opening the road posed by the overburden, *I assisted the Contracting Officer in drafting a decision* that met the Department of Justice request. I worked closely with Joe Trautwein of DOJ and the Contracting Officer in creating a draft document. I do not remember who actually initially drafted the document, though *ultimately I sent a final draft to the contracting officer* at the advice of DOJ.

(Binder Decl. ¶ 6 (emphasis added).)

Similarly, Binder admits in his declaration that he was involved in the DCAA cost audit. (Binder Decl. ¶¶ 8-9.) Although Binder characterizes his involvement as unwilling and not "active," the government's privilege log confirms that he had a number of communications with the DCAA auditor on the issue of the audit. (Kaplan Decl., Ex. 1.) There should be no dispute that cost-auditing is a business and accounting affair, not a legal one. *U.S. v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984) (no federal privilege for communications with accountants).

Thus the government admits that it was attorneys rather than the CO who (1) made the conversion decision, (2) wrote the CO's decision, and (3) were heavily involved in auditing White Buffalo's costs. The CO merely acted as a figurehead. However, evidentiary privileges "protect[] only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. U*.S., 425 U.S. 391, 403 (1976). The attorney-client privilege is therefore narrowly construed, limiting the protection of the privilege to "confidential communications between an attorney and his client relating to a legal matter for which the client

has sought professional advice." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977). The party seeking to withhold information on the basis of a privilege has the burden of establishing its applicability. *In re Sealed* Case, 737 F.2d 94, 99 (D.C. Cir. 1984).

Defendant's claim of privilege relates to communications involving an FHA in-house employee who happens to be a lawyer. There is no dispute that communications between in-house lawyers and business personnel *may* be privileged if the *predominant* purpose of the communication is to render legal, as opposed to business, advice. *Cuno, Inc. v. Pall Corp.*, 121 F.R.D. 198, 204 (E.D.N.Y. 1988). There is also no dispute that communications between in-house lawyers and business personnel are not per se privileged. Furthermore, the mere fact that an officer or employee of an organization is a lawyer does not make the employee's communications privileged if the employee is acting in a business capacity. *See, e.g., Teltron, Inc. v. Alexander*, 132 F.R.D. 394, 397 (E.D. Pa. 1990). As one court has stated:

> Where the communication is with in-house counsel for a corporation . . ., the corporation must clearly demonstrate that the advice to be protected was given "in a professional legal capacity." This limitation is necessary to prevent corporations from shielding their business transactions from discovery simply by funneling their communications through a licensed attorney.

*Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 676 (D. D.C. 1989) (citations omitted).

Thus documents relating to a proposed business decision may not be withheld simply because an in-house attorney (whether or not acting as an attorney) participated in the decision. *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977) ("An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction."); *Cuno*, 121 F.R.D. at 204 ("decision of a company to proceed with or forgo a certain course of action" is not privileged merely because it is based in part on attorney

advice); *Hardy v. New York News Inc.*, 114 F.R.D. 633, 643-644 (S.D.N.Y. 1987) ("When the ultimate corporate decision is based on both a business policy and a legal evaluation, the business aspects of the decision are not protected simply because legal considerations are also involved.").

Because Binder was performing business tasks for FHA, not in relevant part legal tasks, he is a fact witness like any other FHA business person and must appear for deposition.

### B. Binder's Testimony Is Reasonably Calculated to Lead to the Discovery of Admissible Evidence

Given that the bad-faith nature of the convenience termination and the recoverability of White Buffalo's costs subject to the DCAA audit are put directly at issue in the pleadings, Binder's testimony about his extensive involvement in these business activities is plainly relevant. (*See* Complaint ¶¶ 46-48, 57; Fed. R. Evid. 401.)

## III. CONCLUSION

The government's motion should be denied. The parties have agreed that if the government's motion is denied, the discovery cutoff may be extended for the sole purpose of taking Binder's deposition at a mutually convenient time. Consequently, White Buffalo

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

respectfully requests that the Court's Order reflect that the motion be de denied and that the discovery cutoff be extended for this limited purpose.

DATED: April 21, 2008.

STOEL RIVES LLP

/s/ Scott J. Kaplan

Richard E. Alexander, OSB No. 690022
Scott J. Kaplan, OSB No. 913350
Attorneys of Record for
White Buffalo Construction, Inc.
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 294-9167

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO BAR PLAINTIFF FROM TAKING THE DEPOSITION OF TIMOTHY BINDER: REQUEST FOR LIMITED CONTINUANCE OF DISCOVERY CUTOFF** on the following named person(s) on the date indicated below by

- ☐ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☐ Email
- ☒ notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Timothy P. McIlmail
U.S. Department of Justice
Civil Division – Commercial Litigation Branch
1100 L Street NW, 8th Floor
Washington, DC 20530
Facsimile: (202) 514-7965
Email: timothy.mcilmail@usdoj.gov
*Attorney for Defendant*

DATED: April 21, 2008.

STOEL RIVES LLP

/s/ Scott J. Kaplan

Richard E. Alexander
Scott J. Kaplan
Attorneys of Record for Plaintiff
White Buffalo Construction, Inc.
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480