IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, v. THE UNITED STATES, Defendant. | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO
BAR PLAINTIFF FROM TAKING THE DEPOSITION OF TIMOTHY BINDER

Defendant, the United States, respectfully replies to the response of plaintiff, White Buffalo Construction, Inc. ("White Buffalo"), to our motion for a protective order barring White Buffalo from taking the deposition of Timothy Binder, a Federal Highway Administration attorney.

In our motion, we demonstrated, citing King-Fisher Co. v. United States, 58 Fed. Cl. 570, 571 (2003), that deposing a party's attorney should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case. We demonstrated that the Court should bar the deposition of Mr. Binder because (1) the "business advice" that White Buffalo argues Mr. Binder provided to contracting officers was presumably available to White Buffalo through the depositions it noticed of the contracting officers

themselves, (2) all of Mr. Binder's involvement with these actions has been in the course of his legal duties or his capacity as an agency attorney and that, therefore, the information that Mr. Binder possesses regarding these actions is privileged, and (3) Mr. Binder's advice to contracting officers is not crucial to these actions because these actions are de novo. White Buffalo's response fails to refute those demonstrations, nor has White Buffalo affirmatively met the test set forth in King-Fisher.

First, White Buffalo fails to demonstrate that a deposition of Mr. Binder is necessary because no other means exist to obtain the information that it seeks. Indeed, White Buffalo has, since filing its response to our motion for a protective order, deposed the contracting officers to whom it argues Mr. Binder provided business advice, and so has had the opportunity to ask those contracting officers to identify any non-legal "business advice" that Mr. Binder may have provided, including regarding the termination conversion decision that White Buffalo argues was not made by a contracting officer. And although White Buffalo alludes to Mr. Binder's "communications with the DCAA auditor on the issue of the audit," White Buffalo will, on May 5, 2005, depose the auditor and can ask the auditor whether Mr. Binder participated in the audit as a non-lawyer.

Second, White Buffalo fails to demonstrate that the information it seeks is nonprivileged. Despite its entirely conclusory arguments that Mr. Binder has provided "business advice" in these actions, White Buffalo presents no evidence that Mr. Binder has done anything more than provide privileged legal advice to the Government in these actions. It provides no evidence, for example, that Mr. Binder played any role similar to the attorney in Boston Edison Co. v. United States, 75 Fed. Cl. 557, 559 (2007), whose deposition the Court allowed because the plaintiff's attorney had functioned as a non-lawyer on an auction team.

Finally, White Buffalo continues to fail to demonstrate that Mr. Binder's information is crucial to these actions. Indeed, even leaving aside the de novo nature of these actions, in which the findings of fact in a contracting officer's decision are not entitled to any deference, Wilner v. United States, 24 F.3d 1397, 1401-02 (Fed. Cir. 1994), White Buffalo does not even identify the specific information that it seeks from Mr. Binder. This is in sharp contrast to the situation in King-Fisher, 58 Fed. Cl. at 571-72, where the Government specifically sought to depose a plaintiff's attorney about the attorney's admitted calculation of the plaintiff's "$120 per hour loss of direct labor claim."

Even if the Court allows the deposition of Mr. Binder, however, that deposition should not be allowed to infringe upon

the attorney-client communication privilege or the attorney work product doctrine. Cf. Boston Edison, 75 Fed. Cl. at 563 (holding that the deposition of attorney could not "delve into any matters pertaining to his representation of Boston Edison as a member of its legal team, including his mental impressions or legal conclusions formed in that capacity"). Consequently, the Court should, in no case, prevent the Government from asserting its privileges and instructing Mr. Binder not to answer questions that infringe upon those privileges.

For the foregoing reasons and those set forth in our motion, the Court should issue a protective order barring White Buffalo from deposing Mr. Binder.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

May 5, 2008 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2008, a copy of the foregoing Defendant's Reply To Plaintiff's Response To Defendant's Motion For A Protective Order To Bar Plaintiff From Taking The Deposition Of Timothy Binder was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail