IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

# DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, NW, 8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

Attorneys for Defendant

May 23, 2008

TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . I

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . ii

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS.. . . . 1

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. The Court Should Dismiss Case Nos. 99-961C And 00-415C For Lack Of Subject Matter Jurisdiction Because The Government Has Provided All Of The Relief To White Buffalo That The Court Could Provide In Those Cases . . . . . 2

II. The Court Should Dismiss The Second Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Presented That Claim To The Contracting Officer More Than Six Years After It Accrued .. . . . . . . . . 6

III. The Court Should Dismiss The Third Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Has Not Presented That Claim To The Contracting Officer And Because Any Challenge To The Conversion Of The Termination Of Its Contract Is Untimely .. . . . . . . . . . . . . . . . 11

IV. The Court Should Enter Judgment In Favor Of The United States Upon The Second And Third Claims For Relief In Case No. 07-738C Because Those "Bad Faith" Claims Fail To Allege Facts Constituting A Specific Intent To Injure White Buffalo . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . 14

TABLE OF AUTHORITIES

PAGE(S)

CASES

Asco-Falcon II Shipping Co. v. United States,
32 Fed. Cl. 595 (1994). . . . . . . . . . . . . . . . . . . . . 14

Bath Iron Works Corp. v. United States,
20 F.3d 1567 (Fed. Cir. 1994).. . . . . . . . . . . . . . 5, 6

Bell Atlantic Corp. v. Twombly,
127 S. Ct. 1955 (2007). . . . . . . . . . . . . . . . . . . . 13

Bonneville Associates, Ltd. v. Barram,,
165 F.3d 1360, 1365-66 (Fed. Cir. 1999).. . . . . . . 10, 11

Chapman Law Firm Co. v. Greenleaf Construction Co.,
490 F.3d 934 (Fed. Cir. 2007).. . . . . . . . . . . . . . . . 4

Contract Cleaning Maintenance, Inc. v. United States,
811 F.2d 586 (Fed. Cir. 1987).. . . . . . . . . . . . . . . 12

Hamza v. United States,
36 Fed. Cl. 10 (1996).. . . . . . . . . . . . . . . 10, 11, 12

International Air Response v. United States,
302 F.3d 1363 (Fed. Cir. 2002). . . . . . . . . . . . . . 5, 13

John R. Sand & Gravel Co. v. United States,
128 S. Ct. 750 (2008).. . . . . . . . . . . . . . . . . . . 10

John R. Sand & Gravel Co. v. United States,
457 F.3d 1345 (Fed. Cir. 2006). . . . . . . . . . . . . . . 9

Kaw Nation v. Norton,
405 F.3d 1317 (Fed. Cir. 2005). . . . . . . . . . . . . . . 4

North Star Alaska Housing Corp. v. United States,
76 Fed. Cl. 158,183 (2007).. . . . . . . . . . . . . . . . . . 3

Rothe Development Corp. v. Department of Defense,
413 F.3d 1327 (Fed. Cir. 2005). . . . . . . . . . . . . . . 6

Southern California Federal Savings & Loan Association
v. United States,
51 Fed. Cl. 676 (Fed. Cl. 2002).. . . . . . . . . . . . . . 9

Z.A.N. Co. v. United States,
6 Cl. Ct. 298, 305 (1984) . . . . . . . . . . . . . . . . . . . 5

STATUTES, RULES, AND REGULATIONS

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . 10

41 U.S.C. § 605(b) . . . . . . . . . . . . . . . . . . . . . . 5

41 U.S.C. § 609(a)(3) . . . . . . . . . . . . . . . . . . . . . 5

Rule 30(b)(6) of the Rules of the United States
Court of Federal Claims . . . . . . . . . . . . . . . . 8, 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WHITE BUFFALO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 99-961C (Consolidated with Nos. 00-415C and 07-738C) (Senior Judge Smith) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
CERTAIN CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR JUDGMENT UPON THE PLEADINGS UPON CERTAIN CLAIMS

## INTRODUCTION

Defendant, the United States, respectfully replies to the response that plaintiff, White Buffalo Construction, Inc. ("White Buffalo"), has filed to our motion to dismiss and for judgment upon the pleadings. The Court has consolidated three cases for trial: two in which the Government has, since the filing of those cases and more than four years ago, voluntarily provided all the relief that the Court could have granted, and another in which White Buffalo includes requests for relief that it either has not requested of the contracting officer, requested too late, or has failed to allege properly.

We filed our motion so that the trial scheduled for August 2008 would be limited to those claims that the Court possesses jurisdiction to entertain and upon which it could grant relief, namely, those claims set forth in the First Claim For Relief in Case No. 07-738C (Fed. Cl.). White Buffalo's response to our

motion fails to demonstrate that the Court should allow White Buffalo's other claims to proceed, at least in their current form.

## ARGUMENT

### I. The Court Should Dismiss Case Nos. 99-961C And 00-415C For Lack Of Subject Matter Jurisdiction Because The Government Has Provided All Of The Relief To White Buffalo That The Court Could Provide In Those Cases

In our motion, we demonstrated that the Court should dismiss Case Nos. 99-961C and 00-415C for lack of subject matter jurisdiction because the Government has provided all of the relief to White Buffalo that the Court could provide in those cases. We demonstrated that in Case No. 99-961C, White Buffalo requested that the termination of its contract for default be converted into one for convenience (Case No. 99-961C (Fed. Cl.) Complaint ("1999 Compl.") ¶ 73), and that, on January 15, 2004, the contracting officer converted that termination (Appendix ("App.") 11)[1], pursuant to authority granted by the Department of Justice (App. 9). We also demonstrated that, in Case No. 00-415C, White Buffalo requested that the Government return liquidated damages withheld pursuant to the contract, plus interest (Case No. 00-415C (Fed. Cl.) Complaint ("2000 Compl.") at 4), and that, on January 29, 2004, the Government paid White

[1] App. ___ refers to a page of the appendix that we filed with our motion, except for pages after App. 172, which we append to this reply.

Buffalo the withheld liquidated damages, plus interest (see App. 13-14). White Buffalo does not demonstrate otherwise, or that the Court possesses jurisdiction to entertain Case Nos. 99-961C or 00-415C.

First, White Buffalo points to the Court's May 11, 2007 order denying our previous motion to dismiss for lack of jurisdiction. However, in that order, which White Buffalo recites on page 6 of its response, the Court did not hold that it possessed jurisdiction to entertain the claims that we requested be dismissed; it decided, in effect, that our motion to dismiss was premature because White Buffalo had not yet asserted all of its claims in this Court. Since that order, White Buffalo filed Case No. 07-738C, eliminating that concern. Indeed, before these consolidated cases proceed further, and, especially, before the parties and the Court expend resources addressing at trial claims that are moot, the Court should determine whether it possesses jurisdiction to entertain White Buffalo's claims. Cf. North Star Alaska Housing Corp. v. United States, 76 Fed. Cl. 158, 183 (2007) ("Because subject matter jurisdiction is a 'threshold matter,' it must be addressed before the court turns to the merits.").

Second, White Buffalo suggests that its desire for attorney fees is relevant to whether the Court possesses jurisdiction to entertain its claims. White Buffalo, however, fails to address

Chapman Law Firm Co. v. Greenleaf Construction Co., 490 F.3d 934, 939 (Fed. Cir. 2007), which we cited and which holds that "the availability of [Equal Access To Justice Act ("EAJA")] fees is not an appropriate consideration for a court when determining how to dispose of a case." In addition, the power of a court to award attorney fees and costs does not prevent the underlying controversy from being moot. See Kaw Nation v. Norton, 405 F.3d 1317, 1323 n.7 (Fed. Cir. 2005). White Buffalo's fees and costs arguments are irrelevant to whether the Court should dismiss any of White Buffalo's underlying claims for lack of jurisdiction.

Third, although White Buffalo characterizes as "purported" the Government's 2004 conversion of the termination for default - the very relief that White Buffalo requested in Case No. 99-961C - it presents no evidence that the conversion did not, in fact, happen. Nor does it expressly challenge the authority of the contracting officer to convert the termination. Even if it did, that challenge would be too late. White Buffalo does not dispute our demonstration that, on January 17, 2004, it received the contracting officer's decision converting the termination. App. 60. It did not challenge that decision, however, until October 22, 2007, when it filed its complaint in Case No. 07-738C. Case No. 07-738C (Fed. Cl.) Complaint ("2007 Compl.") ¶¶ 52, 57. Because that challenge was filed more than a year after the receipt of the contracting officer's decision, that

challenge is untimely. See Int'l Air Response v. United States, 302 F.3d 1363, 1366 (Fed. Cir. 2002) (citing 41 U.S.C. § 609(a)(3)). That decision is, therefore, final and unreviewable. See 41 U.S.C. § 605(b); cf. Z.A.N. Co. v. United States, 6 Cl. Ct. 298, 305 (1984) (applying 41 U.S.C. § 605(b) and holding that where contractor did not timely appeal contracting officer decision terminating contract for default, the determination of default was final and not subject to review).

Fourth, White Buffalo does not dispute that it has received the liquidated damages, plus interest, that it seeks in Case No. 00-415C.

Fifth, although White Buffalo argues that in Case Nos. 99-961C and 00-415C it requests relief beyond conversion and return of liquidated damages, a final decision by a contracting officer is a jurisdictional prerequisite to maintaining a Contract Disputes Act ("CDA") suit such as this in this Court. Bath Iron Works Corp. v. United States, 20 F.3d 1567, 1578 (Fed. Cir. 1994). The only underlying relief that the Court could grant in Case Nos. 99-961C was the conversion of the termination for default; that is because the only contracting officer's final decision from which White Buffalo appealed in that case was (1999 Compl. ¶ 3) the December 1, 1998 decision (App. 1) terminating the contract for default. See Bath Iron Works, 20 F.3d at 1578.

Similarly, the only underlying relief that the Court could grant relief in Case No. 00-415C was the return of liquidated damages, plus interest; that is because the only contracting officer's final decision from which White Buffalo appealed in that case was (2000 Compl. ¶ 3) the April 20, 2000 decision (App. 5-6) assessing those damages. See Bath Iron Works, 20 F.3d at 1578. The Court, therefore, does not possess jurisdiction over any other request for underlying relief in Case Nos. 99-961C and 00-415C.

Therefore, White Buffalo fails to demonstrate that the Government has not provided all the non-EAJA relief that the Court could have provided in Case Nos. 99-961C and 00-415C. Consequently, the Court should dismiss Case Nos. 99-961C and 00-415C for lack of subject matter jurisdiction, as moot. See Rothe Dev. Corp. v. Dep't of Defense, 413 F.3d 1327, 1331 (Fed. Cir. 2005).

## II. The Court Should Dismiss The Second Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Presented That Claim To The Contracting Officer More Than Six Years After It Accrued

In our motion, we demonstrated that the Court should dismiss the Second Claim For Relief set forth in Case No. 07-738C for lack of subject matter jurisdiction because White Buffalo presented that claim to the contracting officer more than six years after it accrued. We demonstrated that (1) the Second

Claim For Relief in Case No. 07-738C is for profits lost because, allegedly, "FHA [Federal Highway Administration] breached its implied obligations of good faith and fair dealing and duty to cooperate in facilitating WBC's performance of the contract" (2007 Compl. ¶ 50 (emphasis added)); (2) White Buffalo's performance of the contract ended on December 1, 1998, when its contract was terminated (see id. ¶ 17); and (3) White Buffalo did not present to the contracting officer any claim for lost profits until January 13, 2005 (App. 15), or any "bad faith" breach claims until October 16, 2006 (App. 38-39), more than six years after the last day of its contract performance. White Buffalo does not demonstrate otherwise.

First, White Buffalo suggests that it presented its bad faith claims in 2004. In fact, in presenting its two 2004 claims to the contracting officer, White Buffalo warned that it was not yet presenting its bad faith and lost profit claims. Document 128-3 at 24-25, 27-29. In its March 19, 2004 claim, White Buffalo emphasized that its claim "only refers to ICW [Insurance Company of the West] costs," and that it was "preparing the balance of our termination for convenience claim plus the other claims, including, without limitation, lost profits on uncompleted work due to the bad faith termination of the contract . . . ." Document 128-3 at 25 (emphasis added). White Buffalo

expressly "reserve[d] the right to submit these claims at a later time." Id. (emphasis added).

Similarly, in its November 2, 2004 claim, White Buffalo explained that "[t]his claim . . . does not include . . . lost profits on uncompleted work due to the bad faith termination of the contract . . . . We will forward a separate claim at a later time that includes these claim items . . . . Document 128-3 at 29 (emphasis added). Moreover, on April 28, 2008, White Buffalo's Rule 30(b)(6) designee testified that White Buffalo first presented to the Contracting Officer the claim that "FHA breached its implied obligations of good faith and fair dealing and duty to corporate in facilitating White Buffalo's performance of the contract" on October 16, 2006. App. 173-74, 179 at 12-25.

Second, White Buffalo argues that it only learned of the Government's bad faith in 2000 or later. However, on April 28, 2008, White Buffalo's Rule 30(b)(6) designee testified that White Buffalo learned during contract performance, in 1998, that the Government failed to cooperate in facilitating White Buffalo's performance of the contract. App. 180 at 9-25, 181 at 1-2. Consequently, regardless of what White Buffalo may have learned later to support it, the Second Claim For Relief in Case No. 07-738C accrued more than six years before it was represented to the contracting officer in 2005, because a claim accrues where the plaintiff knew or should have known of the existence of the

events fixing the Government's liability. See John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1356 (Fed. Cir. 2006).

Third, White Buffalo's "relation back" argument does not apply to these consolidated cases. Despite their consolidation, Case Nos. 99-961C, 00-415C, and 07-738C remain separate causes of action; they are not merged into a single claim. See Southern Cal. Fed. Sav. & Loan Ass'n v. United States, 51 Fed. Cl. 676, 678 (Fed. Cl. 2002). Consequently, White Buffalo cannot save the untimely bad faith claims it presented to the contracting officer in 2005 and 2006 by somehow "relating" them to its 1999 and 2000 actions in this Court.

Fourth, White Buffalo's "continuing claim" argument misses the mark. White Buffalo argues that the Government's post-termination conduct is part of its bad faith claim. However, its Second Claim For Relief is that the Government breached its implied obligations of good faith and fair dealing and duty to cooperate in facilitating WBC's performance of the contract. 2007 Compl. ¶ 50 (emphasis added). That performance ended in 1998, with the termination of the contract. App. 1. White Buffalo offers no coherent explanation as to how the Government's post-termination conduct could have impeded its pre-termination contract performance.

Fifth, although the United States Court of Appeals for the Federal Circuit has not yet decided the issue, Bonneville Assocs., Ltd. v. Barram, 165 F.3d 1360, 1365-66 (Fed. Cir. 1999), the Court should reject White Buffalo's request for equitable tolling of the six-year limitations in the CDA. Equitable tolling cannot be used to extend or waive the statute of limitations contained in a Federal statute that grants a limited waiver of sovereign immunity. Hamza v. United States, 36 Fed. Cl. 10, 15 (1996); cf. John R. Sand & Gravel Co. v. United States, 128 S. Ct. 750, 753-54 (2008) (considering 28 U.S.C. § 2501 and stating that the Supreme Court has often read the time limits of statutes limiting the scope of a Governmental waiver of sovereign immunity as, for example, forbidding a court to consider whether certain equitable considerations warrant extending a limitations period).

Therefore, equitable tolling cannot be used to extend or waive the statute of limitations contained in a federal statute which grants a limited waiver of sovereign immunity. Hamza, 36 Fed. Cl. at 15. With respect to actions filed pursuant to the CDA, Congress has limited that waiver by virtue of the 12-month statute of limitations and only Congress can expand the extent to which consent has been given. Id. Since the statute of limitations is a jurisdictional requirement, the Court cannot waive it on grounds of policy or equity. Id. Accordingly, the

Court lacks the power to extend the statute of limitations beyond the 12-month period authorized by Congress. Id.

Even if it were available, the Court should decline to apply equitable tolling to White Buffalo's Second Claim For Relief. Equitable tolling of statutes of limitations has been allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. Bonneville Assocs., 165 F.3d at 1365. The doctrine is generally much less forgiving where the claimant failed to exercise due diligence in preserving his legal rights. See id. Here, White Buffalo has admitted that it was aware in 1998 of the claim set forth in its Second Claim For Relief (App. 180 at 9-25, 181 at 1-2); it waited, however, until 2005 to present that claim to the contracting officer. App. 15. Because White Buffalo was not diligent in preserving its legal rights with respect to its Second Claim For Relief, the Court should not equitably toll the CDA six-year statute of limitations with respect to that claim.

## III. The Court Should Dismiss The Third Claim For Relief Set Forth In Case No. 07-738C For Lack Of Subject Matter Jurisdiction Because White Buffalo Has Not Presented That Claim To The Contracting Officer And Because Any Challenge To The Conversion Of The Termination Of Its Contract Is Untimely

In our motion, we demonstrated that the Court should dismiss the Third Claim For Relief set forth in Case No. 07-738C for lack

of subject matter jurisdiction because White Buffalo has not presented that claim to the contracting officer and because any challenge in this Court to the conversion of the termination of its contract is untimely. In response, White Buffalo fails to identify where in any of its claims to the contracting officer it presented the claim that the 2004 conversion was in bad faith.

In fact, on April 28, 2008, over the course of four pages of questions and answers, White Buffalo's Rule 30(b)(6) designee finally admitted that none of its claims to the contracting officer specifically refers to the conversion. See App. 175-79. White Buffalo fails to demonstrate that any of its claims to the contracting officer specifically refer to the conversion as a basis for its bad faith claim, and therefore fails to establish that the Court possesses jurisdiction to entertain its Third Claim For Relief, because a contractor must submit in writing a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim. See Contract Cleaning Maintenance, Inc. v. United States, 811 F.2d 586, 592 (Fed. Cir. 1987).

In stating that we do not challenge the timeliness of its Third Claim For Relief, White Buffalo ignores that, in our motion, we demonstrated that the Court does not possess jurisdiction to entertain that claim because it was not timely asserted in this Court. White Buffalo does not dispute that, on

January 17, 2004, it received the contracting officer's January 15, 2004 decision converting the termination of its contract. App. 60. It did not challenge that decision, however, until October 22, 2007, when it filed its complaint in Case No. 07-738C (2007 Compl. ¶¶ 52, 57). Therefore, any challenge to that decision, including any claim that the decision was in bad faith, is untimely, because it was not made within one year of receipt of the contracting officer's decision converting the termination. See Int'l Air Response, 302 F.3d at 1366 (citing 41 U.S.C. § 609(a)(3)).

IV. The Court Should Enter Judgment In Favor Of The United States Upon The Second And Third Claims For Relief In Case No. 07-738C Because Those "Bad Faith" Claims Fail To Allege Facts Constituting A Specific Intent To Injure White Buffalo

In our motion, we demonstrated that the Court should enter judgment in favor of the United States upon the Second and Third Claims For Relief in Case No. 07-738C because those "bad faith" claims fail to allege facts constituting a specific intent to injure White Buffalo. Although White Buffalo sets forth facts in its response regarding what it considers to be evidence of a specific intent to harm it, it does not identify where in its complaint in Case No. 07-738C it alleges such a specific intent. The labels and conclusions that White Buffalo sets forth in its complaint are not enough. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

We do not, however, oppose White Buffalo's request to amend its complaint. White Buffalo should be required to amend its complaint to allege facts constituting a specific intent to injure the plaintiff upon the part of a Governmental official. With such an amendment, we will be upon notice through White Buffalo's complaint (rather than merely its response to our motion), what the allegations are that constitute the claim that Government officials acted out of malice toward White Buffalo.

For example, although White Buffalo alleges in Case No. 07-738C that "FHA's January 2004 conversion of the termination from default to convenience was the culmination of a pattern of bad-faith government conduct," (2007 Compl. ¶ 57), at page 22 of its response it states that its bad faith claim "arose not from the government's improper termination for default in late 1998." Amendment of the complaint would clarify against what allegations of Government misconduct we should expect to have to defend. Without such amendment, however, the Court should dismiss the Second and Third Claims For Relief for failure to state a claim upon which relief can be granted. See Asco-Falcon II Shipping Co. v. United States, 32 Fed. Cl. 595, 605 (1994).

CONCLUSION

For the foregoing reasons, and those set forth in our motion, the Court should dismiss Case Nos. 99-961C and 00-415C, for lack of subject matter jurisdiction. The Court should also

dismiss the Second and Third Claims For Relief in Case No. 07-738C for lack of subject matter jurisdiction, or, in the alternative, the enter judgment in the Government's favor upon the Second and Third Claims For Relief in Case No. 07-738C for failure to state claims upon which relief may be granted.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

May 23, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, a copy of the foregoing Defendant's Reply To Plaintiff's Response To Defendant's Motion To Dismiss Certain Claims For Lack Of Subject Matter Jurisdiction And For Judgment Upon The Pleadings Upon Certain Claims was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail