IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WHITE BUFFALO CONSTRUCTION, INC., )
Plaintiff, )
vs. ) No. 99-961C
THE UNITED STATES, ) (Consolidated with Nos.
Defendant. ) 00-415C and 07-738B)

DEPOSITION OF ELIZABETH FIRESTONE

Taken in behalf of the Plaintiff

April 24, 2008

**App. 108**

BE IT REMEMBERED that the deposition of ELIZABETH FIRESTONE was taken before MARK D. KRSKA, State of Washington CSR, on April 24, 2008, commencing at the hour of 9:00 a.m., in the conference room of the Federal Highway Administration, in the City of Vancouver, County of Clark, State of Washington:

-:-

APPEARANCES:

STOEL RIVES
Attorneys at Law
By Richard E. Alexander
Appearing in behalf of the Plaintiff

U.S. DEPARTMENT OF JUSTICE
Attorneys at Law
By Timothy P. McIlmail
Appearing in behalf of the Defendant

Also Present: Luther Clevenger, Rayann Speakman

App. 109

that the government was thinking about converting this termination for default to a termination for convenience?
A. I don't know that I -- I don't remember a reaction.
Q. Were you surprised?
A. No.
Q. Did you agree?
A. I don't remember.
Q. Did you disagree?
A. I don't remember.
Q. Sitting here today, based on all of the work you've done since January the 1st -- or 15th of 2004, do you agree or disagree with the decision to convert the termination for default to a termination for convenience?
A. I agree.
Q. And why do you agree?
A. Because I think there was potential for a concurrent delay.
Q. And the potential for the concurrent delay was because of what issue?
A. It was the overburden at -- I can't remember the exact number.
Q. 46.7?
A. That sounds right. But it was the overburden issue, that there may have been concurrent delay in that.

App. 110

Q. All right. And I want to make sure on this. You didn't rely on any third-party experts in coming to your final contracting officer's decision?

MR. McILMAIL: Objection, leading.

THE WITNESS: No.

BY MR. ALEXANDER: (Continuing)

Q. Okay. Now, whatever analysis was done, and whoever did it to show that White Buffalo would have operated at a loss, did you take into account how much the contract price should be increased because of the differing site condition at milepost 46.7?

A. I would have to go back and look at the analysis to know that.

Q. Do you know if you took into account the additional compensation White Buffalo would have been entitled to if they'd received an extension of time for the concurrent delay that you talked about earlier?

A. I'd have to go back and look, I don't remember.

Q. Do you know whether there were differing site conditions and design changes at other locations in the project other than milepost 46.7?

App. 111

A. I don't remember. I don't know.

Q. Would you agree with me that it would be impossible to determine whether White Buffalo would have

C E R T I F I C A T E

STATE OF WASHINGTON )
) ss.
COUNTY OF CLARK )

I, Mark D. Krska, a Certified Shorthand Reporter for Washington, do hereby certify that, pursuant to stipulation of counsel for the respective parties hereinbefore set forth, ELIZABETH FIRESTONE, personally appeared before me at the time and place set forth in the caption hereof; that at said time and place I reported in Stenotype all testimony adduced and other oral proceedings had in the foregoing matter; that thereafter my notes were reduced to typewriting under my direction; and that the foregoing transcript, pages 4 to 108, both inclusive, constitutes a full, true and accurate record of all such testimony adduced and oral proceedings had, and of the whole thereof.

Witness my hand and CSR stamp at Pprtland, Oregon, this 2nd day of May, 2008.

Mark D. Krska
Certified Shorthand Reporter
Certificate No. 2979

**App. 112**