ICW GROUP
☑ INSURANCE COMPANY OF THE WEST
☐ EXPLORER INSURANCE COMPANY
INDEPENDENCE CASUALTY AND SURETY COMPANY

A Tradition Of Innovation

February 3, 1999

Luther L. Clevenger
White Buffalo Construction Co.
PO Box 1310
Aumsville, OR 97325

RE: Principal: White Buffalo Construction Co.
Bond No.: 156 60 32
Claim No.: 110-98-08819

Dear Mr. Clevenger:

Enclosed is a copy of a letter from the Department of Transportation advising Insurance Company of the West (ICW) that they are willing to accept a completion contractor, that they are unable to commit at this time to relaxation of the work window restrictions, and their advisement that the Government does not plan on redesigning the slope at MP 46.7.

ICW will now evaluate the completion bids and make a determination on the completion contractor that will be tendered to the Government for completion of the project. You'll be advised of this determination when it becomes available.

Cordially,
Insurance Company of the West

Ernie Ulibarri
Surety Claims Consultant
Direct line: (619) 350-2419

EU/ec

Enclosure: US Department of Transportation letter dated February 2, 1999

cc: Jeff Draper, Portland

App. 168

EXHIBIT 17

WESTERN FEDERAL LANDS HIGHWAY DIVISION
610 EAST FIFTH STREET
VANCOUVER, WASHINGTON 98661-3893

U.S. Department
of Transportation

Federal Highway
Administration

February 2, 1999
In Reply Refer to:
HPA-17.13

Ernie Ulibarri, Surety Claims Consultant
ICW Group
Insurance Company of the West
P.O. Box 85563
San Diego, CA 92130-2045

Dear Mr. Ulibarri:

FHWA Project No. OR FS ERFO 97-18(2)
FHWA Contract No. DTFH70-98-C-00027
ICW Bond No. & Claim No. 1566032 and 110-98-08819

Your letter of January 15, 1999 advises that the Insurance Company of the West anticipates tendering a completion contractor to complete the above referenced contract. Upon deciding to tender a completion contractor, please do so in writing providing the name of the contractor. We will consider the contractor's ability to perform the work and, if capable, we will advise you of our acceptance.

It is my position that the contract with a completion contractor will be based on the original plans and specifications and provide that the completion contractor will correct any defective work as well as the balance of the uncompleted work in strict accordance with the contract requirements. The contract should incorporate the original contract's items of work and unit prices with the original quantities adjusted due to work previously performed. The contract should be for the balance of the original contract proceeds. New payment and performance bonds will be required on the new completion contract.

Any changes in the original contract requirements will be done by contract modifications to the completion contract after award so that any associated additional costs can be segregated from the cost of the original contract. At this time we are pursuing the possibility of the permitting agencies allowing the in-stream work to begin earlier in 1999 than the current contract allows. This

relaxation of the work window restrictions may or may not occur, and we may not know the final determination until sometime in March or later.

I spoke with Project Engineer Sajid Aftab and Resident Engineer Paul Rettinger regarding your contention that Sajid notified the potential completion contractors that the Government intends to redesign the slope at MP 46.7 and that the window of time during which to perform the work will be 'opened up.' Sajid advised me that he did not notify nor advise the potential completion contractors as noted in your letter. Paul also advised me that he did not. Sajid records in his daily diary the contacts and the significance of discussions he has with contractor and agency representatives on project matters. The diary contains entries for the contacts that occurred on the days potential completion contractors were on the project site. The diary does not include reference to slope redesign at MP 46.7 or that the performance window will be opened up.

Regarding the slope at MP 46.7, it remains the Government's position that White Buffalo is responsible for the current condition of the grading work at this location. The excavation and grading at this location must be performed in accordance with the original contract requirements. If corrective work is required because of the previous efforts by White Buffalo, Inc., the completion contractor may propose a slope redesign under the completion contract.

I hope this provides a better understanding of my expectations regarding a completion contract being contemplated for our original contract DTFH70-98-C-00027 with White Buffalo Construction, Inc.

Sincerely yours,

William L. Parsons

William L. Parsons
Contracting Officer

ICW GROUP
INSURANCE COMPANY OF THE WEST
LORER INSURANCE COMPANY
EPENDENCE CASUALTY AND SURETY COMPANY

A Tradition
Of Innovation

***Fax and Mail***

January 13, 1999

U.S. Department of Transportation
Federal Highway Administration
William L. Parsons, Contracting Officer
Western Federal Lands Highway Division
610 E. 5th St.
Vancouver, WA 98661-3893

RE: Principal: White Buffalo Construction
Bond No.: 1566032
Claim No.: 110-98-08819
Contract No.: DTFH70-98-OC-00027

Dear Mr. Parsons:

In response to your December 15, 1998 letter, serialized as HPA-17.13, is to advise you that Insurance Company of the West (ICW) anticipates tendering a completion contractor to the Government for completion of the referenced contract.

To facilitate a complete and thorough bid, it has come to my attention that Mr. Sajid Aftab with the U.S. Department of Transportation has notified the various completion contractors during various site walks that it will be the Government's intention to redesign the slope work at MP46.7 which would include any necessary benching and above slope excavation. Additionally, Mr. Aftab has advised the completion contractors that the scope work (window) will be opened up. This will allow the work to commence in June due to the extra work at the rock slide location. Please advise ICW of the Government's intentions so that appropriate estimates can be completed for the completion work.

This letter, along with our investigation, should not be construed as an admission of liability on the part of ICW. ICW continues to reserve all rights and defenses which may be available to it. If you should have any questions please contact me directly.

Cordially,
Insurance Company of the West

Ernie Ulibarri
Surety Claims Consultant
Direct line: (619) 350-2419

App. 171

EU/ec

4

From: Howe Crockett
To: CHJACOBY, TJHILDRETH, HPRETTINGER, SAFTAB, JFZOTTE...
Date: 12/17/98 9:44am
Subject: Latest ICW request

On 12/17 I received a 12/16 phone message from Ernest Ulibarri of ICW. He stated that he was getting bid packages ready to go out to prospective contractors for the completion of 97-18(2) and would like the name and number of someone to show the contractors the project. I arranged for Sajid Aftab to be available on 12/21-23 and 12/28-30 to meet with prospective bidders. This information and Sajid's office number were given to Ernest. He stated that this should be all of the information required as he now understood the project requirements. Sajid will record the names of the parties that he shows the job to, the questions asked, and the answers given. Without saying more than is required, he is to differentiate between project requirements and the additional work that we are now aware of on the project, in that this additional work will not be bid on now, but will be negotiated at a later date after survey and design work are accomplished.

Howe

**From:** Howe Crockett
**To:** ESHAMMONTREE
**Date:** 2/4/99 1:36pm
**Subject:** 97-18(2) Quantities

Ed,

In anticipation of a completion contract on this project, we need to refine our assessment of worked performed to date. One item that we need to get better numbers on is excavation. Sajid will be coming by to request assistance at your earliest convenience to obtain new runs based on the new survey that has been completed. He will provide the stationing that he needs. Thanks for your help.

Howe

CC: SAFTAB



7

From: Howe Crockett
To: BGALLEN
Date: 1/19/99 8:34am
Subject: OR FS ERFO 97-18(2) -Reply

Thanks Brian,

Additional clearing will be involved at the 47.25 area if the slope is redesigned. As soon as we get the contract back on track, we will address the clearing issue. Survey has obtained new data for the two redesign areas. ERFO will turn out a new design as soon as possible, which will tell us what additional clearing is required.

Howe

CC: SAFTAB, HPRETTINGER, DKHECKMAN

**From:** Paul Rettinger
**To:** HCROCKETT
**Date:** 1/15/99 6:57am
**Subject:** Govt incurred costs

Howe, I dont know how this plays, but FHWA has incurred costs of remeasuring excavation (survey crew) to determine the actual quantity of roadway excavation completed by White Buffalo. White Buffalo did not submit any records for computation of amount of work performed. I assume at this point that they are responsible for these costs.

It will not be difficult to separate the work done by the survey crew (that is, the remeasure separated from the slide-extra work). You and Sajid may want to run this by Zotter and get his guidence/opinion on whether they are in fact responsible for these costs.

we have a list of costs that are White Buffalos responsibility, which may also have to be reviewed. Thanks, ....paul

**CC:** JFZOTTER, SAFTAB, JFTRAFFALIS, WLPARSONS

**From:** W.L. Parsons
**To:** FHFL17DO.FHFL17PO(DKHECKMAN, HPRETTINGER, JFZOTTER...
**Date:** 1/20/99 1:54pm
**Subject:** Tidewater call concerning 97-18(2) status -Reply

Howe - yes, you are correct on what we have received from the Surety -- that being their letter on 'intending to provide a completion contractor.' Draft reply by us to ICW's letter is on my list to complete and get to you, Zotter & .... before finalizing and sending.

>>> Howe Crockett 01/20/99 12:35pm >>>
This morning I received a call from Scott Darger of Tidewater. Scott asked if the Surety had provided us with a completion contractor. I told Scott that to my knowledge the only contact we had received was a letter from ICW stating their intentions to do so and containing some other statements that we would have to reply to. Scott stated that the Surety was telling them that they (ICW) could not make a contractor choice until we provided the slope redesign information so that a complete bid could be provided. I told Scott that I did not understand why they were contending such, since we had clearly stated to them that at this time they should depend on the current contract when soliciting bidders. Scott offered some personal opinions on the situation. Scott stated that he and the other bidders were very clear on the fact that they should be considering only the current contract and listed work windows at this time. He said that Sajid had stated such. I suggested to Scott that he might call the CO for exact information.

Howe

**From:** Carol H. Jacoby
**To:** FHFL17DO.FHFL17PO(DKHECKMAN, HPRETTINGER, JFTRAFFA...
**Date:** 12/21/98 10:07am
**Subject:** Latest ICW request -Reply

Just as a follow-up to Howe's note - I agree that we need to be very clear of what work is required by the contract and what is additional work. I don't know the extent of the intermingling of the old and new work - but it may be presumptious to even imply that we will negotiate the costs of the new work at a later date. It may be in everyone's best interest - and be cleaner contractually to have a totally separate contract for the new work. We do not want anyone making the interpretation of our actions in getting the additional work corrected to really be the ground work for a T for C.

>>> Howe Crockett 12/17/98 09:44am >>>
On 12/17 I received a 12/16 phone message from Ernest Ulibarri of ICW. He stated that he was getting bid packages ready to go out to prospective contractors for the completion of 97-18(2) and would like the name and number of someone to show the contractors the project. I arranged for Sajid Aftab to be available on 12/21-23 and 12/28-30 to meet with prospective bidders. This information and Sajid's office number were given to Ernest. He stated that this should be all of the information required as he now understood the project requirements. Sajid will record the names of the parties that he shows the job to, the questions asked, and the answers given. Without saying more than is required, he is to differentiate between project requirements and the additional work that we are now aware of on the project, in that this additional work will not be bid on now, but will be negotiated at a later date after survey and design work are accomplished.

Howe



11